447 S.E.2d 22

FARMERS & MECHANICS MUTUAL FIRE INSURANCE COMPANY OF WEST VIRGINIA, dba Farmers & Mechanics Mutual Insurance Company of West Virginia, Plaintiff Below, Appellee,

v.

James K. HUTZLER; Robert D. Vaughn, Trustee; Robert D. Vaughn and Ruth Vaughn, Defendants Below, Appellants,

Andrew Haba, Janet Lowry Haba, as Administrators of the Estate of Andrew J. Haba; the Big Arm Bar and Grill, Inc.; Alto's Club, Inc.; Harry Camper, Commissioner, Alcohol Beverage Control Commission, State of West Virginia; James H. Paige, III, Secretary, West Virginia Department of Taxation and Revenue; Michael Ian Hulbert; and Robert A. Hulbert, Appellees.

No. 22039.

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1994.

Decided July 19, 1994.

Wm. Richard McCune, Jr., Donald P. Cookman, Jackson & Kelly, Martinsburg, for appellee, Farmers & Mechanics.

Michael D. Lorensen, Bowles, Rice, McDavid, Graff & Love, Martinsburg, for appellants.

Homer A. Speaker, Burke Street Law Center, Martinsburg, for appellees, Habas.

Cynthia A. Gaither, Gaither & Burcham, Martinsburg, for appellee, Big Arm Bar.

Joseph R. Ferretti, Robert J. Schiavonni, Hammer, Ferretti & Schiavonni, Martinsburg, for appellee, Alto's Club.

Charles F. Printz, Jr., Bowles, Rice, McDavid, Graff & Love, Martinsburg, for appellees, Camper and Paige.

James A. Varner, Catherine D. Munster, Robert W. Trumble, McNeer, Highland & McMunn, Clarksburg, for appellees, Hulberts.

BROTHERTON, Chief Justice:

The appellants, James K. Hutzler, Robert D. Vaughn, and Ruth Vaughn, ask this Court to reverse the June 7, 1993, order of the Circuit Court of Berkeley County, West Virginia, which awarded summary judgment to the appellee, Farmers & Mechanics Mutual Insurance Company of West Virginia (F & M). The appellants owned and leased The Big Arm Bar & Grill (The Big Arm), a private club located near Shepherdstown in Jefferson County, West Virginia. F & M sought judicial declaration of its duty to defend or indemnify the appellants under a general liability policy which provided insurance to the appellants for certain risks of bodily injury and property damage arising out of the ownership, maintenance, or use of The Big Arm or operations that are necessary or incidental to The Big Arm.

The facts which form the basis for the underlying lawsuit in this case indicate that on November 29, 1990, Andrew J. Haba, a student at Shepherd College, obtained beer at The Big Arm, although he was under the age of twenty-one and thus not old enough to purchase alcoholic beverages. In the early morning hours of November 30, Haba was on his way to another bar called Alto's Club, Inc. (Alto's). Haba parked his car, and as he attempted to walk across West Virginia Route 45 to Alto's, he was struck by a car driven by Michael Hulbert and killed instantly.

Haba's parents subsequently filed a lawsuit against the driver and owner of the car, the bar their son had left (The Big Arm), and the bar he was going to (Alto's), the Commissioner of the Alcohol Beverage Control Commission, and the Secretary of Finance and Revenue, as well as the appellants, Hutzler and the Vaughns. In their complaint, the Habas allege that the appellants "knew or reasonably should have known that the Defendant Big Arm sold beer and/or liquor to underage individuals, in violation of West Virginia state law."

The commercial liability policy that F & M issued to the appellants states (at form GL 600):

> We pay all sums which an insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies. The bodily injury or property damage must be caused by an occurrence and arise out of the ownership, maintenance or use of the insured premises or operations that are necessary or incidental to the insured premises.

However, F & M maintains that a policy exclusion is applicable to these facts because the Habas seek to impose liability based solely upon the appellants' alleged violation of a statute pertaining to the sale of alcohol. F & M's Form L 6415, Section I, exclusion (h), states that:

> This insurance does not apply ... (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
>
> (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
>
> (2) if not so engaged, as an owner *or lessor of premises used for such purposes, if such liability is imposed*
>
> (i) *by or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage.* (Emphasis added.)

On December 9, 1992, the appellants tendered the summons and complaint in the underlying civil action to F & M for coverage and defense under their policy. F & M acknowledged receipt of the summons and complaint and informed the appellants that F & M would provide them a defense under a reservation of rights. However, F & M also advised the appellants of its intention to file a

declaratory judgment action in the Circuit Court of Berkeley County, West Virginia, so that a court could determine F & M's duties and responsibilities under the policy.

In discovery, F & M admitted that it did not investigate the basis of the Haba complaint or whether the alleged conduct brought the appellants within the operation of the exclusion upon which F & M based its denial of coverage and defense. Nevertheless, the circuit court granted F & M's motion for summary judgment because it found "[t]hat if any cause of action is stated against [the appellants] in the complaint ... liability will be imposed because of the violation of a statute pertaining to the sale, gift, distribution or use of any alcoholic beverage by Hutzler and the Vaughns directly, or their tenants, The Big Arm Bar & Grill, Inc." The circuit court explained "[t]hat for an insurance company to have a duty to defend or provide coverage for its insured, there must be allegations in the underlying complaint which would fall within the coverage afforded under the policy in question, and if the claim set forth in the complaint against the insured is one which is expressly excluded by the policy provisions, the insurer need not undertake the defense of the insured."

Thus, in its June 7, 1993, order, the circuit court found that the insurance policy issued to the appellants by F & M "expressly excludes coverage for liability of Hutzler and the Vaughns for bodily injury for which they may be held liable as the owner or lessor of premises used for the manufacturing, distributing, selling or serving of alcoholic beverages, if such liability is imposed because of the violation of statute pertaining to the sale, gift, distribution or use of an alcoholic beverage." The court concluded "[t]hat there is no potential liability that arguably comes within the scope of the insurance coverage...."

■ The appellants now contend that the trial court's interpretation of the complaint was unreasonable, and they urge this Court to vacate the June 7, 1993, order. The appellants contend that the trial court erred when it concluded that F & M owed no duty to investigate the factual basis upon which it claimed an exclusion under the policy. Fur-

ther, the appellants argue that the Habas allegation that the appellants violated West Virginia state law is not limited to violation of a statute, ordinance or regulation, but could also include causes of action derived from the common law. The appellants point out that in sworn discovery documents on file, the Habas contend that the appellants violated a common law duty and "engaged in an affirmative act which created an unreasonable risk of harm to another by leasing the premises of The Big Arm to a person known to serve alcohol to minors in violation of the law." For this reason, the appellants argue that F & M had a duty to look beyond the bare allegations contained in the complaint to determine whether there is a duty to defend and indemnify the appellants in this action. At the very least, the appellants suggest that the lower court was premature in judging that the appellants are not entitled to a defense in this case.

We agree, and therefore we reverse the lower court's finding that if liability is ultimately imposed against the appellants, it will only be because the appellants violated a West Virginia statute which pertains to the sale, distribution, gift, or use of alcoholic beverages.

■ West Virginia Code § 60-3-22 (1986) provides, in part, that "[a]lcoholic liquors shall not be sold to a person who is: (1) Less than twenty-one years of age; ...." In *Overbaugh v. McCutcheon*, 183 W.Va. 386, 396 S.E.2d 153, 156 (1990), this Court explained that "[c]learly, the legislature did not intend for this statute to apply to anyone except sellers of alcoholic beverages. Consequently, in the absence of legislation, the only other way to impose social host liability would be by utilizing a common law negligence approach." Just as there is no "dram shop" or social host liability legislation in West Virginia, there are also no statutory enactments directed specifically towards imposing liability upon the owners of property upon which alcoholic beverages are served.

Because there is no such legislation, we do not accept F & M's reasons for perfunctorily denying coverage and defense to the appellants in this case. F & M repeatedly asserts

that if liability is imposed upon the appellants under any theory, it will and can only be imposed because of the appellants' or their lessee's violation of a statute pertaining to the sale, gift, distribution, or use of an alcoholic beverage. However, logic dictates that the appellants themselves, who own and lease the premises, cannot violate a statute that is meant to apply only to sellers of alcohol. Thus, exclusion (h) in the F & M policy is not applicable to these facts.

In *Zurich Insurance Co. v. Uptowner Inns, Inc.*, 740 F.Supp. 404 (S.D.W.Va.1990), the United States District Court for the Southern District of West Virginia discussed exclusion (h) and explained that "[t]his exclusion ... provides that there is no coverage for potential liability of a person selling or serving alcoholic beverages or for the owner or lessor of premises used for such purposes if liability is imposed by statute, ordinance or regulation, or is imposed by the common law." *Id.* at 407–08. The court added that "[h]owever, there is coverage if the insured is merely an owner or lessor of premises used for such purposes, if liability is asserted under a common law theory of recovery." *Id.* at 408.

In this case, the appellants are indeed "merely" owners and lessors of premises used for such purposes. As to the theories of recovery asserted against them, the complaint filed in the underlying action contains only one specific allegation that is directed at these specific parties: Plaintiffs allege that Defendants Hutzler, Robert Vaughn and Ruth Vaughn, and Robert D. Vaughn as trustee of the Robert D. Vaughn Revocable Trust, knew or reasonably should have known that Defendant Big Arm sold beer and/or liquor to underage individuals in violation of West Virginia State law. Otherwise, the pleadings are rather ambiguous in regard to the type of tortious conduct that is being alleged, but general allegations of negligence are directed at all of the defendants under common law theories related to negligence, which might then fall within the insurance protection provided by the F & M policy.

■ Thus, we conclude that F & M was wrong to deny coverage to the appellants without assessing the avenues for recovery under the common law that the appellees might pursue. When a complaint is filed against an insured, an insurer must look beyond the bare allegations contained in the third party's pleadings and conduct a reasonable inquiry into the facts in order to ascertain whether the claims asserted may come within the scope of the coverage that the insurer is obligated to provide.

For the foregoing reasons, the June 7, 1993, order of the Circuit Court of Berkeley County is reversed.

Reversed.