542 S.E.2d 876

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, an Ohio corporation, Plaintiff below, Appellee,**

v.

**ALPHA ENGINEERING SERVICES, INC., a West Virginia corporation, Gary M. Hartsog, Ronald L. Patterson, and Donald M. Reedy, Defendants below,**

and

**Mossy Eagle Limited Liability Company, a West Virginia limited liability company, Defendant below, Appellant.**

No. 27713.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 31, 2000.

Decided Dec. 6, 2000.

---

Catherine D. Munster, Esq., James N. Riley, Esq.,

Ancil G. Ramey, Esq., Steptoe & Johnson, Charleston, West Virginia, Attorney for Appellant Mossy Eagle Limited Liability Co.

Tiffany R. Durst, Esq., McNeer, Highland, McMunn & Varner, L.C., Clarksburg, West Virginia, Attorneys for Appellee.

Robert P. Martin, Esq., Bastien & Martin, Charleston, West Virginia, Attorney for Alpha Engineering Services, Inc.

PER CURIAM:

This is an appeal from a declaratory judgment order of the Circuit Court of Raleigh County entered on November 19, 1999. In the order, the circuit court concluded that a "professional services" exclusion in an insurance policy excluded coverage for allegedly negligent surveying, mapping and engineering services provided by one mining company to another.

As set forth below, we affirm the circuit court's order.

## I.

The appellant in this declaratory judgment action, Mossy Eagle Limited Liability Company ("Mossy Eagle") entered into various oral agreements with Brock Mining. Under the agreements, Brock Mining would conduct underground coal mining operations on properties owned or leased by Mossy Eagle. Brock Mining would provide the equipment and labor necessary for the mining operations and, in return, Mossy Eagle would purchase the coal mined and removed.

A complaint in a lawsuit separate from the instant case, filed by Brock Mining, indicates that Mossy Eagle agreed to provide Brock Mining with "permitting services, accurate and dependable mine maps of various kinds, accurate and dependable progress maps as mining progressed, accurate and dependable maps of projected mining, and to otherwise provide competent professional engineering consulting services." To perform these professional engineering services, Mossy Eagle retained defendant below Alpha Engineering Services, Inc. ("Alpha"), and Brock Mining relied upon the advice and maps provided by Alpha's engineers.

On March 5 or 6, 1996, during its underground mining operations, Brock Mining un-expectedly "cut-through" into an old, abandoned coal mine in the area where Alpha had prepared current mine maps and had prepared maps of projected mining. Water poured from the old mine and flooded Brock Mining's equipment. Alpha's engineers had apparently advised Brock Mining that the area was "safe" and that there were no old mine workings nearby that would be hazardous. On July 22, 1997, Brock Mining again "cut-through" into old workings in an area where Alpha's engineers had indicated that no old mine workings existed. Water again flooded the area, damaging Brock Mining's equipment and preventing Brock Mining from conducting mining operations.

Following the two flooding incidents, Brock Mining filed a lawsuit against Mossy Eagle and Alpha for negligence, strict liability, and breach of contract. The lawsuit generally alleges that the "cut-throughs" were the result of Alpha's negligent performance of the engineering services relative to Brock Mining's underground mining operations for and on behalf of Mossy Eagle. The complaint filed by Brock Mining alleges that Mossy Eagle was negligent, and failed to provide competent, professional, mining engineering services to Brock Mining.

At the time of the incidents, Mossy Eagle was insured under a liability insurance policy issued by the plaintiff below and appellee, State Automobile Mutual Insurance Company ("State Auto").[1] After Mossy Eagle demanded a defense and indemnification from State Auto for Brock Mining's claims, State Auto filed the instant declaratory judgment action. State Auto asked the circuit court to declare that coverage did not exist under the policy for various reasons, including the application of a "professional services" exclusion contained in the policy. The exclusion states:

This insurance does not apply to: ...

j. "Bodily injury", "property damage", "personal injury" or "advertising injury" due to rendering or failure to render any professional service. This includes but is not limited to: ...

---

1. The liability policy was issued by State Auto to Alpha Engineering. Under the terms of the policy, one is an "insured" if "you are designated in the Declarations." As part of the contractual relationship between Alpha and Mossy Eagle, Mossy Eagle was listed as an "additional insured" on the declarations page of the State Auto liability policy.

(2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3) Supervisory, inspection or engineering services; ...

State Auto subsequently filed a motion for summary judgment arguing that there was no coverage under the policy because Mossy Eagle and Alpha were rendering "professional services" to Brock Mining in the form of maps, surveys, inspections and mining engineering services.

In an order dated November 19, 1999, the circuit court entered an order granting State Auto's motion for summary judgment, declaring that the professional services exclusion applied to the claims filed by Brock Mining. The circuit court ruled that State Auto had neither a duty to defend nor a duty to provide coverage to Mossy Eagle under the policy.

This appeal by Mossy Eagle followed.

## II.

 Because the principal purpose of a declaratory judgment action is to resolve legal questions, this Court reviews a circuit court's entry of a declaratory judgment *de novo*. Syllabus Point 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995). Furthermore, when we are asked to review a circuit court's interpretation of an insurance contract, we stated in *Payne v. Weston*, 195 W.Va. 502, 506–7, 466 S.E.2d 161, 165–66 (1995) that the interpretation of an insurance contract "is a legal determination which, like the court's summary judgment, is reviewed de novo on appeal." The basis for our plenary review is that the extent of coverage provided by an insurance contract, when the facts are not in dispute, is a question of law. *Murray v. State Farm Fire & Cas. Co.*, 203 W.Va. 477, 482, 509 S.E.2d 1, 6 (1998).

 "As a general rule, an insurer's duty to defend is tested by whether the allegations in the plaintiff's complaint are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy." *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 194, 342 S.E.2d 156, 160 (1986). As we stated in the sole syllabus point of *Farmers & Mechanics Mut.*

*Fire Ins. Co. of West Virginia v. Hutzler*, 191 W.Va. 559, 447 S.E.2d 22 (1994):

When a complaint is filed against an insured, an insurer must look beyond the bare allegations contained in the third party's pleadings and conduct a reasonable inquiry into the facts in order to ascertain whether the claims asserted may come within the scope of the coverage that the insurer is obligated to provide.

In other words, an insurer has a duty to defend an action against its insured only if the claim stated in the underlying complaint could, without amendment, impose liability for risks the policy covers. *See also, Butts v. Royal Vendors, Inc.*, 202 W.Va. 448, 504 S.E.2d 911 (1998); *Bruceton Bank v. United States Fidelity & Guaranty Ins. Co.*, 199 W.Va. 548, 486 S.E.2d 19 (1997); *Silk v. Flat Top Construction, Inc.*, 192 W.Va. 522, 525, 453 S.E.2d 356, 359 (1994). If the causes of action alleged in the plaintiff's complaint are entirely foreign to the risks covered by the insurance policy, then the insurance company is relieved of its duties under the policy. *Silk*, 192 W.Va. at 525, 453 S.E.2d at 359; *Horace Mann Ins. Co. v. Leeber*, 180 W.Va. 375, 376 S.E.2d 581 (1988).

 When an insurance company seeks to avoid its duty to defend, or its duty to provide coverage, through the operation of a policy exclusion, the insurance company bears the burden of proving the facts necessary to trigger the operation of that exclusion. Syllabus Point 7, *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987).

 It is a fundamental principle of insurance law that if the terms of an exclusion are plain and not ambiguous, then no interpretation of the language is necessary, and a court need only apply the exclusion to the facts presented by the parties. As we held in the Syllabus of *Keffer v. Prudential Ins. Co. of America*, 153 W.Va. 813, 172 S.E.2d 714 (1970):

Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended.

The parties in this action dispute the application of the "professional services" exclusion

contained in State Auto's liability policy. Mossy Eagle argues that while it was contractually obligated to provide the surveys, maps, and engineering services under dispute in Brock Mining's complaint, it did not in fact render these professional services. Instead, Mossy Eagle insists that Alpha provided the services, that Mossy Eagle's only potentially negligent act was its hiring of Alpha as its agent, and that the professional services exclusion therefore operates only against Alpha. We disagree.

The exclusion at issue in this case plainly excludes any coverage for "[p]reparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications" and "[s]upervisory, inspection or engineering services." The complaint filed by Brock Mining alleges that Mossy Eagle was obligated to provide these professional services, and that its agent, Alpha, was negligent in providing these professional services. In sum, Mossy Eagle provided the contracted-for professional services to Brock Mining through the use of an agent. The language of the exclusion appears to be unambiguous, and in accordance with our prior holdings, must be applied and not construed.

We therefore find that the circuit court did not err in declaring that the professional services exclusion applied to the actions alleged in Brock Mining's complaint. The circuit court correctly applied the exclusion to the actions alleged in Brock Mining's complaint, and properly concluded that State Auto had no duty to defend or provide coverage under its liability policy for Mossy Eagle's and Alpha Engineering's negligent provision of surveys, maps and engineering services to Brock Mining.

### III.

The circuit court's November 19, 1999 order is affirmed.

Affirmed.

Justice McGRAW dissents.