**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1487**

WILSON WORKS, INC., a West Virginia Corporation,

Plaintiff - Appellant,

v.

GREAT AMERICAN INSURANCE GROUP; GREAT AMERICAN E&S INSURANCE
COMPANY; COLUMBIA CASUALTY COMPANY, d/b/a CNA; NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; THE
TRAVELERS INDEMNITY COMPANY; TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA; TRAVELERS GROUP; THE CHARTER OAK FIRE
INSURANCE COMPANY,

Defendants - Appellees,

and

WELLS FARGO INSURANCE SERVICES; AMERICAN INTERNATIONAL
GROUP, INC.; AMERICAN INTERNATIONAL COMPANIES, d/b/a AIG,

Defendants.

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  John Preston Bailey,
Chief District Judge.  (1:11-cv-00085-JPB-JES)

Submitted:  October 5, 2012          Decided:  October 23, 2012

Before WILKINSON, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

S. Sean Murphy, LAW OFFICES OF S. SEAN MURPHY, LC, Morgantown, West Virginia, for Appellant. John A. Smith, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia; Stephen J. Dalesio, SWARTZ CAMPBELL, LLC, Pittsburgh, Pennsylvania, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilson Works, Inc. brought suit against its insurers seeking a declaratory judgment that they are obligated to defend it in an action filed against it by Walhonde Tools, Inc. The district court granted the insurers' motions for summary judgment, and Wilson Works now appeals. We have reviewed the record and find no reversible error. Accordingly, we affirm.

In 2009, Walhonde Tools filed suit against Wilson Works, alleging patent infringement, tortious interference with business relations, and conspiracy to interfere with business relations, based on Wilson Works' alleged manufacture, sale, and marketing of tools that infringe Walhonde Tools' patent. Wilson Works argues that the infringement was an "accident" — that in fulfilling custom orders it was deceived by its clients into manufacturing infringing tools.

In 2011, Wilson Works filed suit against several insurers through which it maintained commercial liability policies, seeking a declaration of their duty to defend. The insurers moved for summary judgment, and the district court granted their motions. The district court first looked to Walhonde Tools' complaint, and found that it stated claims for patent infringement, tortious interference with business relations, and conspiracy to interfere with business relations. The district court then looked to the various policies, and

3

found that they did not cover injuries arising from intentional torts and patent infringement. While the policies covered "property damage" caused by an "occurrence," the district court found that "occurrences" are "accidents," necessarily excluding intentional torts, and that "property damage" is limited to physical injury to or loss of use of tangible property, thereby excluding damage to intangible property like patents. The policies also provided coverage for "advertising injuries," but this explicitly excluded intentional tort-based injuries, and excluded patent infringement-based injuries either explicitly or implicitly via the notable absence of the word "patent" from the list of covered offenses. Finally, certain policies did not provide coverage because Walhonde Tools' alleged injuries occurred outside of the policy periods. Wilson Works timely appealed.

We review the district court's grant of summary judgment de novo. Temkin v. Frederick Cnty. Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Summary judgment shall be granted if the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant initially bears the burden of showing the absence of any genuine issue of material fact; then the burden shifts to the nonmovant to present facts sufficient to create a triable issue. Temkin, 945 F.2d at 718. A party

4

opposing or asserting the existence of a genuine issue of material fact must support its position by citing to particular parts of materials in the record, including depositions, documents, affidavits, stipulations, admissions, and answers to interrogatories. Fed. R. Civ. P. 56(c).

In a diversity action, state law controls the construction of an insurance policy. Nationwide Prop. & Cas. v. Comer, 559 F. Supp. 2d 685, 690 (S.D. W. Va. 2008). Here, there is no dispute that West Virginia law governs construction of the policy. Under West Virginia law, an insurer has a duty to defend only if the claim stated in the underlying complaint could, without amendment, impose liability for risks that the insurance policy covers. W. Va. Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 490 (W. Va. 2004). In determining coverage, the insurer must look beyond the bare allegations in the underlying complaint and conduct a reasonable inquiry into the facts to determine whether the claims might be interpreted as falling within the scope of coverage. State Auto. Mut. Ins. Co. v. Alpha Eng'g Servs., Inc., 542 S.E.2d 876, 879 (W. Va. 2000).

The policies at issue provide coverage for "property damage" caused by "occurrences," and for "advertising injury." On appeal, Wilson Works asserts that the district court erred in constraining its coverage determination to the four corners of Walhonde Tools' complaint. Wilson Works argues that had the

5

district court followed West Virginia law and conducted a reasonable inquiry into the facts, it would have found that there was an occurrence, that Wilson Works' actions were accidental, and that Walhode Tools' injuries are property damage covered by the insurance policies.

However, the district court applied the appropriate standard and correctly concluded that the insurers have no duty to defend Wilson Works in the Walhonde Tools action. First, the district court properly looked beyond Walhonde Tools' bare allegations and determined that its claims could not reasonably be interpreted as falling within the scope of coverage. The court's opinion specifically cites to materials in the record other than Walhonde Tools' complaint, and includes the very same standard that Wilson Works proposes. Second, the district court correctly concluded that the insurance companies have no duty to defend Wilson Works against Walhonde Tools' claims. Its conclusions that patent infringement is not damage to physical property, intentional torts are not occurrences or accidents, both types of claims are affirmatively excluded from coverage, and in some cases Walhonde Tools' alleged injuries did not occur within the policy period, are unassailable. Accordingly, the district court properly granted summary judgment in the insurers' favor.

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED