**State of West Virginia ex rel. West
Virginia Mutual Insurance Company,
Petitioner,**

**vs)  No. 20-0257** (Kanawha County 16-C-497)

**The Honorable Jennifer Bailey, Judge of the
Circuit Court of Kanawha County; A. H. F. and
A. F., individually and on behalf of
all others similarly situated; Steven R. Matulis,
M. D.; Charleston Gastroenterology Associates,
PLLC; and Charleston Area Medical Center, Inc.,
Respondents.**

**FILED
November 10, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner West Virginia Mutual Insurance Company ("WV Mutual")[1] seeks to invoke this Court's extraordinary jurisdiction to prohibit the Circuit Court of Kanawha County from enforcing an order consolidating the declaratory judgment action it filed against respondents Steven R. Matulis, M. D. ("Dr. Matulis") and Charleston Gastroenterology Associates, PLLC ("CGA") seeking an insurance coverage determination, with the consolidated tort suits which form the basis of that claim for insurance coverage.  The circuit court concluded that "efficiency" bore in favor of consolidation and that both the declaratory judgment and tort actions "stem from and turn on the application of the same set of facts."  As a result, the circuit court consolidated the declaratory judgment action with the underlying consolidated tort suits already pending before it.  Respondents A. H. F. and A. F.[2] ("respondents") filed a response in opposition to the petition for writ of prohibition and in support of the circuit court's consolidation.  The remaining respondents[3] filed summary responses expressly taking no position in this matter.

---

[1] WV Mutual is represented by Marc E. Williams, Esq., Robert L. Massie, Esq., Jennifer W. Winkler, Esq., Nelson Mullins Riley & Scarborough, LLP, Huntington, West Virginia, and Ronald P. Schiller, Esq. and Michael R. Carlson, Esq., Hangley Aronchick Segal Pudlin & Schiller, Philadelphia, Pennsylvania, admitted *pro hac vice*.

[2] Consistent with our practice in cases involving sensitive facts, we identify certain parties by initials only.  *See In re Jeffrey R.L.*, 190 W.Va. 24, 26 n.1, 435 S.E.2d 162, 164 n.1 (1993).  A. H. F. and A. F. are represented by Marvin W. Masters, Esq. and Richard A. Monahan, Esq., The Masters Law Firm lc, Charleston, West Virginia.

[3] Respondent Steven R. Matulis, M. D. is represented by Isaac R. Forman, Esq. and Andrew C. Robey, Esq., Hissam Forman Donovan Ritchie PLLC, Charleston, West Virginia.

1

This Court has considered the parties' briefs, oral arguments, and the appendix record. Upon consideration of the standard of review and the applicable law, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision denying the requested writ of prohibition is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

## I. Factual and Procedural History

The underlying tort actions involve the sexual misconduct allegations pending against Dr. Matulis, a local gastroenterologist.[4] The first sexual misconduct case was filed by T. W. on April 5, 2016, in the Circuit Court of Kanawha County and was assigned to Judge Jennifer F. Bailey. Several other suits ensued, totaling fifteen separate suits against some combination of Dr. Matulis, CGA, Charleston Area Medical Center, and others. On September 26, 2018, Judge Bailey consolidated all of the tort actions with the initial suit pending before her (the "tort actions").

Approximately one year after the first tort action was filed, on May 30, 2017, WV Mutual filed a declaratory judgment action against Dr. Matulis and CGA in the Circuit Court of Kanawha County, seeking a declaration that the tort actions triggered neither a duty to defend nor indemnify under its policy spanning from July 1, 2015, to July 1, 2016 (hereinafter the "declaratory judgment action").[5] This action was assigned to Judge Charles E. King, Jr. Dr. Matulis and CGA counterclaimed, alleging breach of the duty of good faith and fair dealing, bad faith and violations of the Unfair Claims Settlement Practices provisions of the West Virginia Unfair Trade Practices Act, West Virginia Code § 33-11-4(9) (2002). WV Mutual subsequently amended its complaint to add all of the plaintiffs in the underlying tort actions as party defendants to the declaratory judgment action.

On May 10, 2019, respondents, as plaintiffs in one of the tort actions, moved to consolidate the declaratory judgment action with the tort actions pursuant to West Virginia Rule

---

Respondent Charleston Gastroenterology Associates, PLLC is represented by John A. Kessler, Esq. and David R. Pogue, Esq., Carey, Scott, Douglas & Kessler, PLLC, Charleston, West Virginia. Respondent Charleston Area Medical Center, Inc. is represented by Lee Murray Hall, Esq. and Sarah A. Walling, Esq., Jenkins Fenstermaker, PLLC, Huntington, West Virginia.

[4] Plaintiffs in these actions allege generally that Dr. Matulis engaged in, among other things, inappropriate observing and/or fondling of their breasts and/or digital vaginal penetration while they were under anesthesia for gastrointestinal procedures.

[5] The basis of WV Mutual's position that there is no coverage under its policy is that the sexual misconduct alleged does not constitute a "medical incident" or "professional services" sufficient to trigger coverage, as required by the policy. Further, it claims that the acts are expressly excluded from coverage as either 1) sexual acts "whether under the guise of professional services or not"; 2) intentional torts or dishonest, reckless, or malicious acts; or 3) acts which constitute violation of a statute imposing criminal penalties.

of Civil Procedure 42(a), alleging that both "aris[e] out of the same facts." Shortly thereafter, one of the plaintiffs in another of the tort actions likewise moved to "transfer" the declaratory judgment action. [6] WV Mutual opposed these motions on the basis that they were attempts to delay coverage from being determined, that the actions did not arise from the same facts, and that consolidation would prejudice WV Mutual. On July 8, 2019, WV Mutual moved for judgment on the pleadings in the declaratory judgment action and sought an expedited ruling.

On November 22, 2019, a hearing was conducted before Judge Bailey on the consolidation/transfer motions. Judge Bailey indicated she was going to consolidate the cases "strictly looking at the efficiency," "so that we can keep everybody in one area moving forward, scheduling and so forth." On March 3, 2020, Judge Bailey entered an order consolidating the actions, finding that the tort actions and declaratory judgment action "stem from and turn on the application of the same set of facts." Noting Dr. Matulis' defense that his actions were for legitimate medical reasons rather than sexual gratification, the order states that "what actions Dr. Matulis' [sic] committed and what those actions legally constitute are questions of fact and law that are germane to all causes of action." The order found that, accordingly, Dr. Matulis may be found merely negligent for "fail[ing] to obtain proper consent" rather than having committed intentional sexual torts.[7] As a result, the circuit court found that "[d]iscovery of the facts of the underlying cases is paramount to the determination of coverage under The Policy" and concluded that consolidation was appropriate.

The court further found that both actions proceeding "on one schedule before one court" eliminated the "potential for inconsistent or differing rulings" with "some decisions subject to interlocutory appeal" and others not. Given that "there would likely have to be multiple trials regardless," the fact that the declaratory judgment action must be bifurcated from the tort actions for trial was of no consequence.

WV Mutual filed the instant petition for writ of prohibition and a rule to show cause issued.

## II. Standard of Review

As to the issuance of a writ of prohibition:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but

---

[6] WV Mutual makes much of the fact that the "motion to transfer" apparently was filed pursuant to Rule 42(b)—which is mandatory for actions in different "courts"—and that the circuit court did not state in orally ordering the consolidation whether it was pursuant to Rule 42(a) or (b). Respondents appear to concede, however, that this consolidation is governed by the discretionary provisions of Rule 42(a).

[7] This statement appears to be based on the wording of the various plaintiffs' complaints which reference their "lack of consent" to the alleged inappropriate touching.

3

only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). Moreover,

[a] trial court, pursuant to provisions of [West Virginia Rules of Civil Procedure] Rule 42, has a wide discretionary power to consolidate civil actions for joint hearing or trial and the action of a trial court in consolidating civil actions for a joint hearing or trial will not be reversed in the absence of a clear showing of abuse of such discretion and in the absence of a clear showing of prejudice to any one or more of the parties to the civil actions which have been so consolidated.

Syl. Pt. 1, *Holland v. Joyce*, 155 W.Va. 535, 185 S.E.2d 505 (1971); *see also State ex rel. Appalachian Power Co. v. MacQueen*, 198 W. Va. 1, 4, 479 S.E.2d 300, 303 (1996) ("A decision by a trial court to consolidate civil actions on any or all matters in issue under Rule 42(a) of the West Virginia Rules of Civil Procedure will be deferentially reviewed under an abuse of discretion standard."). With these standards in mind, we proceed to the parties' arguments.

### III. Discussion

WV Mutual argues that the circuit court committed a clear error of law warranting a writ of prohibition by consolidating the declaratory judgment action and tort actions on the basis that they contain a "common question of law or fact." WV Mutual contends that declaratory judgment actions are determined based upon the allegations in the complaint and the language of the insurance policy, whereas the underlying tort actions are concerned with determining the truth or falsity of those allegations, which are irrelevant to coverage. Respondents counter that there is no clear error of law because the two actions obviously contain common issues of fact as they pertain to precisely the same wrongdoing. Respondents echo the circuit court's conclusion that whether there is a duty to indemnify is necessarily determined by whether Dr. Matulis' acts were intentional or merely negligent—a common fact in contention in the tort actions.

4

West Virginia Rule of Civil Procedure 42(a) provides, in pertinent part:

> Consolidation of Actions in Same Court. When actions *involving a common question of law or fact* are pending before the court, it *may* order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. . . .

(emphasis added). In that regard, WV Mutual contends this Court has definitively established that declaratory judgment actions and their underlying torts do not have common questions of law or fact in *State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 774 S.E.2d 546 (2015).

In *Marks*, the Court issued a writ of prohibition, finding that a bad faith action against an insurer was improperly joined with litigation for personal injuries sustained in the car accident which gave rise to the bad faith allegations. WV Mutual concedes that *Marks* involves permissive joinder under West Virginia Rule of Civil Procedure 20, rather than consolidation under Rule 42(a), but contends that the underlying principles are the same. *Id*. at 469, 774 S.E.2d at 550. In that regard, WV Mutual directs the Court to *Marks'* rationale which focuses on similar language in both Rules requiring a "common" issue or question of "law or fact" and finding that there was no such commonality between the two actions. 235 W. Va. at 470, 774 S.E.2d at 551. In issuing the writ, the *Marks* Court reasoned:

> ECA's negligence in causing the wreck has no bearing on whether the plaintiffs' insurer is obligated to pay the claim for medical payments coverage. Likewise, the plaintiffs' bad faith claim against their insurer does not affect ECA's potential liability for its employee's negligence in causing the wreck. Furthermore, we note that joining these two unrelated claims would not further Rule 20(a)'s objective of promoting judicial efficiency while preventing duplication of effort. Because *these claims do not present a single factual or legal question in common*, the claim against ECA can be resolved with just as much efficiency without being joined to the plaintiffs' claim against their insurer.

235 W. Va. at 470, 774 S.E.2d at 551 (emphasis added).[8]

---

[8] Justice Davis dissented, finding that joinder was proper because "[i]n this case, the plaintiffs' claims against all of the defendants arose from the same occurrence, *i.e.*, the underlying motor vehicle accident, and a fact common to all defendants also is present herein, *i.e.*, the amount of damages sustained by the plaintiffs as a result of the subject accident." 235 W. Va. at 473, 774 S.E.2d at 554 (Davis, J., dissenting). She noted that any concern of prejudice through joinder of the actions is more properly resolved with bifurcation of the trials. *Id*. ("Rule 20(b) contemplates bifurcation of claims brought against different defendants to avoid such prejudice.").

We find that WV Mutual overstates the applicability of *Marks* to the instant facts. First, *Marks* did not involve a declaratory judgment action as in the instant case—only a bad faith claim. *Id*. at 468, 774 S.E.2d at 549. And while the bad faith claim arose out of a failure to make medical payments under the insurance policy, the issue presented was not whether the policy covered such medical payments, but whether the insurer violated the Unfair Trade Practices Act by failing to accept or reject the claim for medical payments within a reasonable time. *Id*. at 468 and n.4, 774 S.E.2d at 549 and n.4. Accordingly, *Marks* stands—at most—for the proposition that a bad faith claim based on claims handling and an underlying tort may have no commonality.[9] Second, as to *Marks'* use of a writ of prohibition to correct this issue, we note that the misjoinder was but only one of the errors asserted. Importantly, the *Marks* Court found that the misjoinder had created an improper venue-giving defendant and that once the bad faith claim was properly severed, venue would no longer lie in the circuit court. *Id*. at 472, 744 S.E.2d 553. Finding that the lack of venue "was not correctable on appeal," the Court issued the writ of prohibition. *Id*.

In the instant case, WV Mutual's declaratory judgment action seeks a determination as to both its duty to *defend* and its duty to *indemnify*. These are critically distinct issues which WV Mutual has commingled in its analysis. While WV Mutual is correct that the determination of the duty to defend is established by looking to the allegations in the complaint and the contractual language,[10] the duty to indemnify is more nuanced. Certainly the allegations and claims presented drive the inquiry, but "an insurer must look beyond the bare allegations contained in the third party's pleadings and conduct a reasonable inquiry into the facts in order to ascertain whether the claims asserted may come within the scope of the coverage that the insurer is obligated to provide." Syl., *Farmers & Mechanics Mut. Fire Ins. Co. of W. Va. v. Hutzler*, 191 W. Va. 559, 447 S.E.2d 22 (1994). In *Hutzler*, the Court criticized the insurer for limiting its coverage determination to the four corners of the complaint and failing to "assess[] the avenues for recovery" in view of the factual allegations, which avenues may give rise to coverage. *Id*. at 562, 447 S.E.2d at 25. As in *Hutzler*, respondents and their similarly situated fellow plaintiffs allege a variety of "avenues for recovery."

WV Mutual's position in this matter would have this Court declare that *indemnity* obligations never entail factual determinations relative to the claims alleged and therefore defy consolidation. However, as WV Mutual itself admits in its brief, "the outcome of the underlying lawsuits may have a bearing on whether there is a duty to indemnify[.]" Indeed, in *Christian v. Sizemore*, 181 W. Va. 628, 633, 383 S.E.2d 810, 814-15 (1989), the Court expressly recognized

---

[9] We recognize that Dr. Matulis and CGAS counter-claimed against WV Mutual asserting a bad faith claim. However, WV Mutual's focus is not the lack of commonality between the tort actions and the bad faith claim, but rather the principal declaratory judgment action.

[10] *See State Auto. Ins. v. Alpha Eng'g Serv*., 208 W.Va. 713, 716, 542 S.E.2d 876, 879 (2000) ("[A]n insurer has a duty to defend an action against its insured only if the claim stated in the underlying complaint could, without amendment, impose liability for risks the policy covers. If the causes of action alleged in the plaintiff's complaint are entirely foreign to the risks covered by the insurance policy, then the insurance company is relieved of its duties under the policy." (citations omitted)).

6

scenarios "[w]here [] the facts involving the coverage question are intimately tied to the personal injury litigation," suggesting that this entanglement may affect the manner and timing of resolution of the indemnity question. *See also* Syl. Pt. 1, *Tennant v. Smallwood*, 211 W.Va. 703, 568 S.E.2d 10 (2002) ("Determination of the proper coverage of an insurance contract *when the facts are not in dispute* is a question of law." (emphasis added)). We therefore find no error in the circuit court's conclusion that both the tort actions and declaratory judgment action, at least as pertains to indemnity, share common questions of fact and law.

The issue of commonality notwithstanding, this Court has provided further guidance on the considerations involved in consolidation under Rule 42(a), as follows:

> The trial court, when exercising its discretion in deciding consolidation issues under *W. Va. R. Civ. P.* 42(a), should consider the following factors: (1) whether the risks of prejudice and possible confusion outweigh the considerations of judicial dispatch and economy; (2) what the burden would be on the parties, witnesses, and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple lawsuits as compared to the time required to conclude a single lawsuit; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. When the trial court concludes in the exercise of its discretion whether to grant or deny consolidation, it should set forth in its order granting or denying consolidation sufficient grounds to establish for review why consolidation would or would not promote judicial economy and convenience of the parties, and avoid prejudice and confusion.

Syl. Pt. 2, *State ex rel. Appalachian Power Co. v. Ranson*, 190 W. Va. 429, 430, 438 S.E.2d 609, 610 (1993). To that end, WV Mutual argues that 1) it will be forced to participate in protracted factual discovery of the tort actions, in which it otherwise has no interest; 2) plaintiffs in the tort action may get access to otherwise undiscoverable materials (i.e., claim files); 3) no alleviation of burden results, because the discovery needed in each differs; and 4) the actions must ultimately be bifurcated for trial under any circumstance and therefore consolidation serves no purpose. Primarily, however, WV Mutual insists that it will be prejudiced by an inevitable delay in resolving the coverage issue, because of the circuit court's suggestion that coverage turns on discovery of the facts in the underlying tort actions.

In response, respondents counter that 1) WV Mutual can decline to attend any depositions or proceedings it deems not relevant to its declaratory judgment action; 2) irrespective of consolidation, plaintiffs may obtain claim files in discovery of the declaratory judgment action; and 3) bifurcation of the declaratory judgment action from the tort actions cures any perceived prejudice. As to WV Mutual's claim of delay, respondents contend that any delay is purely

speculative and, in fact, unlikely, as the circuit court readily offered up an early date for a hearing on the declaratory judgment action.[11] We agree on all counts.

WV Mutual's concern of delay appears to be based solely on inferences it gives to the consolidation order's reference to "[d]iscovery of the facts of the underlying cases [being] paramount to the determination of coverage[.]" However, this concern is belied by the expediency the circuit court sought to give the coverage matter during the hearing on the motion. The circuit court has, in actuality, demonstrated no undue delay or intention to tolerate delay in hearing the coverage matter. The declaratory judgment action languished in a separate court for approximately two years before WV Mutual even sought judgment on its pleadings and did so only after the consolidation motion was made. Judge Bailey, in both her hearing comments and by setting a date certain for the declaratory judgment motion to be heard, fully demonstrated an understanding of the practicalities attendant to addressing the coverage issues.

We agree with WV Mutual's position that the declaratory judgment issues should be heard and resolved as expeditiously as the circumstances and issues allow.[12] However, whether and to what extent factual development is necessary before the circuit court may decide the indemnity issues is a determination the circuit court simply has not yet made.[13] As of the filing of the petition, the briefing had not yet been completed, much less presented to the circuit court. Nor had the circuit court made any ruling about what additional discovery may be needed before the coverage issues could be determined. In fact, at the hearing, Judge Bailey remarked, "[I]f [plaintiffs] believe they need to do some discovery, obviously, I'm going to have to make a decision about that."

---

[11] As represented during oral argument, the original date selected for such hearing was postponed due to COVID-19 closures.

[12] We note with approval the circuit court's concern that awaiting a determination regarding the declaratory judgment issues from a separate court may have served to delay the tort actions. In expressing this concern, the court plainly recognized that the coverage issue should be addressed as expeditiously as possible to avoid any such delay. As this Court has observed,

> [d]eclaratory judgment [] provides a prompt means of resolving policy coverage disputes so that the parties may know in advance of the personal injury trial whether coverage exists. This facilitates the possibility of settlements and avoids potential future litigation as to whether the insurer was acting improperly in denying coverage.

*Christian*, 181 W. Va. at 632, 383 S.E.2d at 814. As a result, we have directed that "[w]here the coverage question is separable from the issues in the underlying tort action, it should ordinarily be decided first, as it often may be dispositive of the personal injury litigation." *Id*. at 632-33, 383 S.E.2d at 814.

[13] Accordingly, the Court does not in this decision intend to suggest what considerations may or may not be proper or relevant to the circuit court's determination of the coverage issue.

Perhaps most compellingly, it is well-established that "[a] declaratory judgment claim with regard to the defendant's insurance coverage may be brought in the original personal injury suit rather than by way of a separate action." Syl. Pt. 4, *Christian*, 181 W. Va. 628, 383 S.E.2d 810. Therefore, the suggestion that consolidation of a declaratory judgment action and the underlying tort—which this Court has expressly sanctioned—would result in irremediable prejudice is untenable. In fact, permitting consolidation of the two matters is "not materially different from what would result if plaintiffs had [included the declaratory judgment allegations in their complaint,] . . . utiliz[ing] procedures that have long been permitted under West Virginia law." *Woodrum v. Johnson*, 210 W. Va. 762, 769, 559 S.E.2d 908, 915 (2001). Speculative concerns over delay or other potential mishandling of the declaratory judgment action is insufficient to establish prejudice.

Finally, and in addition to the foregoing, we conclude that the relief sought by WV Mutual satisfies none of the *Hoover* factors. As discussed above, should the circuit court err in its handling of the declaratory judgment matter, a direct appeal is available to WV Mutual and any prejudice stemming from any such error is clearly correctable upon that appeal. Further, the circuit court's consolidation merely brings to fruition a long-standing procedural mechanism permitting joinder of tort and coverage claims and therefore by no means "manifests persistent disregard for either procedural or substantive law." Finally, and perhaps most importantly, given our well-established law that consolidation is a matter in which the circuit court enjoys wide discretion, this matter presents neither a new and important problem, nor issue of first impression. In a case denying a writ of prohibition to preclude discretionary consolidation, this Court reminded that "'[t]he piecemeal challenge of discretionary rulings through writs of prohibition does not facilitate the orderly administration of justice.'" *River Riders, Inc. v. Steptoe*, 223 W. Va. 240, 248, 672 S.E.2d 376, 384 (2008) (quoting *Woodall v. Laurita*, 156 W.Va. 707, 713, 195 S.E.2d 717, 720-21 (1973)).

Accordingly, we find that WV Mutual has failed to establish its entitlement to extraordinary relief. For the foregoing reasons, the requested writ of prohibition is denied.

Writ denied.

**ISSUED**: November 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

9