HOUSTON, Justice.
This Court is asked to issue its writ of mandamus commanding Circuit Judge Arthur J. Hanes to vacate and annul his order of August 13, 1986, and to enter an order transferring this case back to the Circuit Court of Jefferson County, Alabama.
Judge Hanes’s order is as follows:
“Pursuant to Rule 82(d)(2)(A), the court determines the primary purpose of the pro tanto settlement was an attempt to defeat the right to transfer and it appearing that the proper venue of this action is Etowah County, Alabama, the foregoing motion to transfer is granted. This action is transferred to the Circuit Court of Etowah County, Alabama. The clerk is directed to transmit to the Clerk of that court the appropriate transcript and papers in this case. Jd. Hanes.” Rule 82(d)(2)(A), Ala.R.Civ.P., provides as
follows:
“(A) Voluntary Dismissal. When a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed on notice or motion of the plaintiff, the court, on motion of less than all remaining defendants, in its discretion, may, and on motion of all remaining defendants, shall transfer the action to a court in which the action might have been properly filed had it been initially brought against the remaining defendants alone; provided, however, in the event that a pro tanto settlement between the plaintiff and a defendant is the" basis for the dismissal of that defendant, the action shall not be transferred unless the court, in its discretion, has determined that the primary purpose of the pro tanto settlement was an attempt to defeat the right to transfer that would have otherwise existed had there been a dismissal of that defendant without such settlement.”
This is a medical malpractice action. Petitioners have conceded that venue was proper in Etowah County because the al *848 leged malpractice occurred there (Rule 82(b)(1)(A), Ala.R.Civ.P.); the petitioners are residents of Etowah County and the respondent Baptist Memorial Hospital (an Alabama corporation) does business only in Etowah County (§ 6-3-7, Code 1975); respondent Lewis Francis is a physician who practiced medicine exclusively in Etowah County at all times relevant to this lawsuit and who has been since 1974 a resident of Etowah County (Rule 82(b)(1)(A)) and respondent Thelma Cossey is a registered nurse anesthetist who lived in Etowah County at all times material to this lawsuit and who has worked as a nurse anesthetist exclusively in Etowah County (Rule 82(b)(1)(A)).
Petitioners contend that venue in Jefferson County was proper at the time they filed the complaint, since they joined in the medical malpractice action a products liability claim against defendant Mallinckrodt, Inc., which was a foreign corporation doing business in Jefferson County. This would also make venue in Jefferson County proper at the time of the filing of the complaint. § 6-3-7, Code 1975.
“When venue is proper in two or more counties the plaintiff may elect the county in which to proceed, and when this election is made venue will not be disturbed.” Ex parte H.L. Raburn & Co., 384 So.2d 1075, 1076 (Ala.1980).
The petitioners have elected to proceed in Jefferson County, and this election would not have been disturbed if Mallinckrodt, Inc., had remained a defendant; however, Mallinckrodt, Inc., was dismissed as a party defendant by a pro tanto release which was given by petitioners in consideration for Mallinckrodt, Inc., paying to them $1,000.00.
The trial court, in its discretion, determined that the primary purpose of the pro tanto settlement was an attempt to defeat the right which the respondents would have had to transfer this cause to Etowah County had there been a dismissal of the only defendant who made venue in Jefferson County proper without such settlement. We cannot say that the trial court abused its discretion and exercised its judgment m an arbitrary and capricious manner, which is our standard of review. Ex parte Jim Skinner Ford, Inc., 435 So. 1235, 1236 (Ala.1983); Ex parte Wilson, 408 So.2d 94, 96 (Ala.1981). To determine whether the trial court abused its discretion, this Court is bound by the record and cannot consider anything that was not before the trial court when it issued the order being reviewed. Ex parte Baker, 459 So.2d 873, 876 (Ala.1984); this Court can look only at the facts before the trial court. Ex parte Baker, supra, at 876. A petitioner who seeks this Court’s writ of mandamus has the burden of proving that the trial court abused its discretion. Ex parte Thompson, 474 So.2d 1091, 1094 (Ala.1985).
When the respondents, who were all of the remaining defendants, filed their motion to transfer, the petitioners filed nothing in opposition to the motion. The record (which included the depositions of respondents Dr. Francis and Mrs. Cossey, and the petitioners’ answers to the interrogatories propounded to them by Mallinckrodt, Inc.) not only showed that two years after the summons and the complaint were filed, the petitioners had no evidence which would place any liability on Mallinckrodt, but showed affirmatively that Mallinckrodt was not liable.
Mallinckrodt was sued for $2,000,000. Ms. Terrell’s medical expenses were $4,681.77. We cannot find that the trial court abused its discretion and exercised its judgment in an arbitrary and capricious manner when it found that petitioners’ pro tanto release of Mallinckrodt for $1000 was primarily an attempt to defeat the respondents’ right to have this case transferred to Etowah County.
WRIT DENIED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ. concur.