366 S.E.2d 738

**STATE ex rel. Penny Jean KENAMOND and F.J. Payne, M.D.**

v.

**Honorable Richard A. WARMUTH, Judge, etc.**

**No. 17566.**

Supreme Court of Appeals of West Virginia.

Feb. 23, 1988.

John B. Garden, John E. Artimez, Jr., Bachmann, Hess, Bachmann & Garden, Wheeling, for petitioners.

G. Charles Hughes, Moundsville, William E. Watson, Wellsburg, for Bandy's.

McGRAW, Justice:

The petitioners, Penny Jean Kenamond and F.J. Payne, M.D., both Ohio County residents named as defendants in a civil action instituted in the Circuit Court of Marshall County, contend venue is improper in Marshall County and seek a writ of prohibition against the respondents, Circuit Judge Richard A. Warmuth and the plain-

---

tiffs, William L. and Donna Bandy, prohibiting further proceedings in the civil action.

On August 20, 1986, the Bandys, residents of Marshall County, filed a malpractice complaint against the petitioners and the Ohio Valley Medical Center, Inc. ("OVMC"). The complaint alleged carelessness and negligence in the performance of surgery on and the subsequent treatment of Mr. Bandy at OVMC in the autumn of 1984. In response to the complaint, OVMC filed an answer which did not assert the defense of improper venue. In fact, OVMC's answer admitted the allegation that Penny Jean Palmer, now Penny Jean Kenamond, was a resident of Marshall County.[1] Additionally, OVMC initiated discovery in the matter by serving a set of interrogatories and a request for documents on petitioners' counsel.

After OVMC had filed its answer and initiated discovery, the petitioners, prior to filing an answer, moved the circuit court to dismiss the action on the basis of improper venue. The petitioners argued that venue in Marshall County is improper under the relevant statute[2] because: (1) both of the petitioners reside in Ohio County, not Marshall County; (2) the cause of action arose in Ohio County, where the surgery and treatment occurred, not in Marshall County; and (3) OVMC maintains its principal office in Ohio County and none of its officers resides in Marshall County.

By an order entered February 25, 1987, the circuit court denied the petitioners' motion to dismiss for improper venue. The circuit court ruled that OVMC had waived the defense of improper venue by failing to raise the issue in its responsive pleadings or by motion, that OVMC thus became a venue-giving defendant, and that the petitioners' motion to dismiss was therefore not well founded. The circuit court concluded that, since OVMC was a venue-giving defendant by reason of its waiver, the cause was properly in Marshall County as to all defendants. We agree with the circuit court's ruling, and we deny the writ of prohibition sought by the petitioners.

## I.

■ The single issue presented today is whether the waiver by one defendant of the privilege to assert improper venue as a defense forecloses favorable consideration of a subsequent motion by codefendants to dismiss the action because of improper venue.

Under Rule 12(h)(1) of the West Virginia Rules of Civil Procedure, "[a] defense of ... improper venue ... is waived ... if it is neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." *See Vanover v. Stonewall Casualty Co.*, 169 W.Va. 759, 762, 289 S.E.2d 505, 507 (1982). We agree with the circuit court that OVMC waived the privilege to assert improper venue as a defense, and that such waiver forecloses the codefendants subsequent motion to dismiss the action because of improper venue. This Court follows the venue-giving defendant principle, whereby, once venue is proper for one defendant, it is proper for all other defendants subject to process. Syl. Pt. 1, *Staats v. Co-Operative Transit Co.*, 125 W.Va. 473, 24 S.E.2d 916 (1943); *McConaughey v. Bennett's Executors*, 50 W.Va. 172, 179, 40 S.E. 540, 541 (1901). Under the venue-giving defendant

---

**1.** The complaint alleged that defendant Palmer-Kenamond, an operating room nurse, was a resident of Moundsville, Marshall County. According to an affidavit presented by Palmer-Kenamond, however, she had moved from her residence in Moundsville on July 2, 1984 to Wheeling, Ohio County, where she continues to reside. Apparently, OVMC filed its answer without confirming her residence.

**2.** West Virginia Code § 56-1-1(a)(1) and (2) (Supp.1987), a procedural statute relating to civil venue, provides, in relevant part, as follows:

(a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:

(1) Wherein any of the defendants may reside or the cause of action arose, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof, is; or

(2) If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president or other chief officer resides....

principle, we hold that a waiver by one defendant precludes another defendant's subsequent motion to dismiss because of improper venue, even where none of the defendants reside or maintain principal offices in the county where suit was instituted.

Under West Virginia Code § 53–1–1 (1981 Replacement Vol.), "[a] writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers." Syl. Pt. 1, *State ex rel. UMWA International Union v. Maynard*, 176 W.Va. 131, 342 S.E.2d 96 (1985). In this case, the circuit court has jurisdiction to take cognizance of and decide the justiciable controversy between the parties. As a court of general jurisdiction, the circuit court has the power to entertain transitory actions and the power to exercise control over the parties by lawful service of process. W.Va. Const. art. VIII, § 6.

As we noted in the recent case of *Hansbarger v. Cook*, 177 W.Va. 152, 157, 351 S.E.2d 65, 70 (1986), the concepts of venue and jurisdiction are distinct: "Jurisdiction deals with the power of the court, while venue deals with the place in which an action may be tried." Syl. Pt. 2, *Vanover*, 169 W.Va. 759, 289 S.E.2d 505. The petitioners have confused the concept of jurisdiction with the concept of venue. The question raised by the petitioners is not whether the circuit court has jurisdiction to hear the controversy, but whether the circuit court has exceeded its legitimate powers by ruling that venue is proper in Marshall County. After careful consideration, we hold that the circuit court, having before it a defendant who had waived the defense of improper venue, had lawful authority to deny the petitioners' motion to dismiss for improper venue.

The petitioners argue that OVMC's waiver does not bring the cause within the scope of West Virginia Code § 56–1–1(a)(1) or (2), since none of the defendants reside or maintain a principal office in Marshall County, and that the venue-giving defendant concept should therefore not be applied in this instance. They would instead have us rule that the venue-giving defendant concept is limited to those instances where the trial court has venue under West Virginia Code § 56–1–1 by reason of the residence of a codefendant. For the reasons detailed below, we refuse to make such a ruling.

We have previously ruled that "[v]enue is procedural and statutes relating thereto are so treated." *State ex rel. Chemical Tank Lines, Inc. v. Davis*, 141 W.Va. 488, 494–95, 93 S.E.2d 28, 32 (1956); *see also Hansbarger*, 177 W.Va. at 157, 351 S.E.2d at 70. Procedural statutes relating to venue, like West Virginia Code § 56–1–1, are effective only as rules of court and are subject to modification, suspension or annulment by rules of procedure promulgated by this Court. W.Va. Const. art. 8, § 3;[3] W.Va.Code § 51–1–4 (1981 Replacement Vol.); W.Va.Code § 51–1–4a (1981 Replacement Vol.). Ultimately, civil venue questions are governed by the procedural rules promulgated by this Court, the procedural statutes that are not inconsistent with those procedural rules, and the opinions issued by this Court interpreting those procedural rules and statutes.

We are mindful that none of the provisions of the West Virginia Rules of Civil Procedure now attempt to modify the venue of actions in our circuit courts, and that limitations existing before promulgation of those rules should continue in existence. M. Lugar & L. Silverstein, *West Virginia Rules* 535 (1960). In this regard, Rule 82 states: "These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of actions therein." While it is true that West Virginia Code § 56–1–1 contains certain limitations as to

---

**3.** Article eight, section three of the West Virginia Constitution provides that this Court "shall have power to promulgate rules for all cases and proceedings, civil and criminal, for all of the courts of the State relating to writs, warrants, process, practice and procedure, which shall have the force and effect of law."

the venue of actions, we are unable to ascertain from its provisions any language which addresses the question now before us.

The original reporters of our Rules of Civil Procedure opined that the venue-giving defendant principle "offer[s] the concept which will give the greatest efficacy to the liberal provisions in the Rules as to joinder of claims and parties." Lugar & Silverstein, *supra*, at 539. In discussing the provisions of Rule 82, the reporters said: "To adopt a restrictive construction of Rule 82 may in substance 'emasculate' many of the Rules designed to secure 'just, speedy, and inexpensive determination of every action.' See Rule 1." *Id.* at 540. In a separate law review article, one of the reporters summarized the effect of our Rules of Civil Procedure on the then existing rules of court, such as West Virginia Code § 56–1–1: "[T]o the extent that no conflict exists between the old and the new, the old will continue to apply, subject to the provisions of Rule 1 that the new rules shall be construed to secure the just, speedy, and inexpensive determination of every action." L. Silverstein, *A Basic Introduction to the West Virginia Rules of Civil Procedure*, 62 W.Va.L.Rev. 117, 135 (1959).

Based on the foregoing, we conclude that application of the venue-giving defendant concept is appropriate in this instance. Unlike jurisdiction, which is not in dispute in this case, venue may be conferred by consent or waiver; it is not a jurisdictional

question in the strict sense of the word. *Davis*, 141 W.Va. at 494–95, 93 S.E.2d at 32. Here, OVMC has conferred proper venue in Marshall County by waiving the privilege to assert improper venue as a defense. OVMC has therefore become a venue-giving defendant as to the petitioners, and venue is proper in Marshall County for all of the codefendants notwithstanding the fact that venue would not otherwise be proper in that county for an independent action against the petitioners. *See* Syl. Pt. 1, *Staats*, 125 W.Va. 473, 24 S.E.2d 916; *McConaughey*, 50 W.Va. 172, 179, 40 S.E. 540, 541; [4] *see also Ex Parte Cummings, Gazaway & Scott, Inc.*, 386 So.2d 732 (Ala. 1980); *contra Hines v. Dresser Industries, Inc.*, 137 Ill.App.3d 7, 91 Ill.Dec. 842, 846, 484 N.E.2d 401, 405 (Ill.App.Ct.1985) and cases cited therein.[5]

In order to secure the just, speedy, and inexpensive determination of this action, we deny the writ of prohibition sought by the petitioners. Such an extraordinary remedy is not available to prevent an action pending in a court which has jurisdiction of the subject matter and of the parties litigant, unless there is a clear showing that the court has exceeded its legitimate powers. Syl., *Sidney C. Smith Corp. v. Dailey*, 136 W.Va. 380, 67 S.E.2d 523 (1951); *see also Hansbarger*, 177 W.Va. at 158, 351 S.E.2d at 72. Because there is no doubt that the circuit court properly has jurisdiction over the subject and the parties, and because there has been no showing in this case that the circuit court has exceeded its legitimate powers, the cause should pro-

---

**4.** We note that in *Staats*, 125 W.Va. at 482, 24 S.E.2d at 921, this Court said erroneously that, "every defendant has the inherent right to make defense in his own county ... and any statutory provision abridging this right is to be strictly construed in favor of the defendant." Unlike a criminal defendant, a civil defendant *does not* have a constitutional right to defend in a certain county. *See* W.Va. Const. art. 3, § 14 (a person accused of a crime must be tried "in the county where the alleged offence was committed, unless upon petition of the accused, and for good cause shown, it is removed to some other county."); *see also State ex rel. Cosner v. See*, 129 W.Va. 722, 42 S.E.2d 31 (1947). The privilege of a civil defendant to make defense in his own

county has not been elevated to the status of a constitutional right. The civil venue privilege has instead been limited by the venue-giving defendant principle included in West Virginia Code § 56–1–1 and adopted by this Court.

**5.** We acknowledge that a few jurisdictions have decided that waiver of objection to improper venue by one defendant will not serve to transform an improperly laid venue to a properly laid venue; however, those decisions are often resolved on the basis of the statutory language or judicial precedents peculiar to the particular jurisdiction. Accordingly, such decisions are of little value to this Court.

ceed without interference by this Court. *See* Syl. Pt. 1, *Wetzel County Savings & Loan Co. v. Stern Bros.*, 156 W.Va. 693, 195 S.E.2d 732 (1973).

## II.

■ Our ruling today does not prohibit removal of such a proceeding to another circuit court because of good cause shown by any party under West Virginia Code § 56–9–1 (1966).[6] Removal of a cause under that Code section lies in the discretion of the circuit court, Syl. Pt. 1, *Hatfield v. Hatfield*, 113 W.Va. 135, 167 S.E. 89 (1932), and this Court will not interfere unless the circuit court abuses its discretion. Syl. Pt. 3, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979). Even if the petitioners make a motion to remove under West Virginia Code § 56–9–1, we do not believe that the Circuit Court of Marshall County would be required to transfer the case to the Circuit Court of Ohio County. The probable disadvantage or inconvenience to the petitioners defending themselves in Marshall County instead of Ohio County is speculative at best. *Hinkle*, 164 W.Va. at 125, 262 S.E.2d at 751. OVMC, presumably the repository of many of the records important to this action, apparently foresees no disadvantage or significant inconvenience in trying the cause in Marshall County, which is directly adjacent to Ohio County. We see no reason why the petitioners should be any more disadvantaged or inconvenienced than OVMC.

For the reasons stated above, the writ sought by the petitioners is denied.

Writ denied.

BROTHERTON, Justice, dissenting:

I respectfully dissent from the majority's holding. I believe we should follow the rule applied in the federal courts and the courts of many states that the venue privilege is personal to each defendant, and that if one defendant waives his venue objection this does not waive any objections to venue his codefendants may have. *See, e.g., O'Brien v. Weber*, 137 F.Supp. 684 (W.D.Pa.1955), *Hines v. Dresser Indus.*, 137 Ill.App.3d 7, 91 Ill.Dec. 842, 846, 484 N.E.2d 401, 405 (1985). *See generally* 15 Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3829 (1986). Although the same might not be true in an action in which venue was proper with respect to at least one defendant, upholding venue with respect to the petitioners in this case negates the reason for our venue provisions, *i.e.*, convenience of the defendant. As the majority notes, the defendants in this case reside in a county adjacent to the one in which suit was filed, but the rule set out in the majority opinion is not confined to those facts. It allows institution of actions in locations with little or no connection with any defendant, as long as one defendant waives his venue objection.

Therefore, I note my dissent.

---

**6.** West Virginia Code § 56–9–1 provides that a party may move a circuit court in which an action is pending to transfer the action to any other circuit if good cause is shown. This provision, which may be invoked even where venue is proper, reads as follows:

A circuit court, or any court of limited jurisdiction established pursuant to the provisions of section 1, article VIII of the Constitution of this State, wherein an action, suit, motion or other civil proceeding is pending, or the judge thereof in vacation, may on the motion of any party, after ten days' notice to the adverse party or his attorney, and for good cause shown, order such action, suit, motion or other civil proceeding to be removed, if pending in a circuit court, to any other circuit court, and if pending in any court of limited jurisdiction hereinbefore mentioned to the circuit court of that county: Provided, that the judge of such other circuit court in a case of removal from one circuit to another may decline to hear said cause, if, in his opinion, the demands and requirements of his office render it improper or inconvenient for him to do so.