382 S.E.2d 570

**STATE ex rel. Thomas P. SUTTON, Administrator of the Estate of David R. Sutton, II**

v.

**Honorable George L. SPILLERS, Judge of the Circuit Court of Ohio County and Erdogan Baysal, M.D.**

No. 19002.

Supreme Court of Appeals of West Virginia.

July 13, 1989.

---

Robert P. Fitzsimmons, William E. Parson, II, Fitzsimmons & Parsons, L.C., Wheeling, for Sutton.

R. Noel Foreman, Bachmann, Hess, Bachmann & Garden, Wheeling, for Baysal.

BROTHERTON, Chief Justice:

This petition for a writ of prohibition revolves around a malpractice suit filed by Thomas P. Sutton as a result of the death of his brother, David R. Sutton, II. David Sutton died on December 25, 1983, at Reynolds Memorial Hospital due to respiratory failure as a result of pneumonia. The appellant, Thomas Sutton, filed suit against the three physicians involved in his brother's care, Rex Lasure, M.D., and Michael W. Blatt, M.D., who were residents of Ohio County, and a third physician, Erdogan Baysal, M.D., who was a resident of Marshall County. Also named in the suit was Reynolds Memorial Hospital, which is located in Marshall County. The lawsuit was filed in Ohio County.

The case proceeded to trial and in the week prior to trial, the petitioner settled with Drs. Lasure and Blatt, the two defendants giving venue in Ohio County. By this time, the parties had completed extensive discovery. Since the remaining defendants were residents of Marshall County, no defendant remained to give venue in Ohio County, where the suit was filed. The attorney for Dr. Baysal, a Marshall County resident, immediately moved to dismiss the action on the basis that there were no longer any venue giving defendants. Judge George L. Spillers granted Baysal's motion to dismiss.

This proceeding is Thomas Sutton's petition for a writ of prohibition seeking to prohibit the Circuit Court of Ohio County from dismissing the suit. Judge Spillers' dismissal order was based upon our opinion in *Lester v. Rose*, 147 W.Va. 575, 130 S.E.2d 80 (1963), in which this Court stated that once the venue giving defendant was dismissed from an action, the circuit court of that county no longer had venue over the remaining defendants and the action should be dismissed. The appellant argues that the application of *Lester* to this case would be contrary to Rule 1 of the West Virginia Rules of Civil Procedure,[1] which provides that the civil rules shall be construed to secure the "just, speedy, and inexpensive determination of every action." The application of *Lester* would delay the trial and cause a new judge to take time to familiarize himself with the case. The appellant asserts that the application of this rule does a great injustice and asks that this Court review the rule announced in *Lester*.

This Court has ruled that "[v]enue is procedural and statutes relating thereto are so treated."[2] *State ex rel. Chemical*

---

1. Rule 1 of the West Virginia Rules of Civil Procedure provides: "These rules govern the procedure in all trial courts of record in all actions, suits, or other judicial proceedings of a civil nature.... They shall be construed to secure the just, speedy, and inexpensive determination of every action."

2. *See also State ex rel. Kenamond v. Warmuth,* 179 W.Va. 230, 366 S.E.2d 738 (1988), in which

*Tank Lines, Inc. v. Davis,* 141 W.Va. 488, 494–5, 93 S.E.2d 28, 32 (1956). West Virginia Code § 56–1–1(a)(1) (1988) provides that venue is proper in the circuit court of any county where "any of the defendants may reside or the cause of action arose...."[3] The statute fails to provide, however, for the situation which arises when the venue giving defendant in a suit involving multiple defendants from different counties is dismissed by means of settlement or general dismissal.[4]

This Court addressed this issue in *Lester v. Rose,* 147 W.Va. 575, 130 S.E.2d 80 (1963). *Lester* involved a malpractice claim in which the plaintiff and two of the defendants were from McDowell County, while the third defendant resided in Mercer County, where the suit was filed. The Mercer County defendant was later dismissed prior to the jury verdict, which was returned in favor of the plaintiff. The two remaining non-resident defendants moved to set aside the verdict; however, their motion was denied. The two remaining defendants then moved to dismiss the action because Mercer County had lost jurisdiction when the venue giving defendant was dismissed. This Court agreed that Mercer County lost venue over the two non-resident defendants when the resident defendant was dismissed. Consequently, if a motion to dismiss was properly made, the court was obliged to dismiss the claim for lack of venue.

In *Lester,* we initially pointed out that while "[j]urisdiction deals with the power of the court ... venue deals with the place in which an action may be tried."[5] *Id.,* 147 W.Va. at 588, 130 S.E.2d at 90. After noting that venue originally had been obtained because the defendant Landris was a resident of Mercer County, the *Lester* Court ruled that:

> [w]hen service of process is obtained on non-resident defendants by virtue of the provisions of Code, 56–1–1, and later the only resident defendant is dismissed from an action, the circuit court of the county in which such resident defendant resides should dismiss the action as to the other non-resident defendants of such county, upon motion timely made, because upon the abandonment of the action as to the resident defendant such court loses venue.

*Id.* at syl. pt. 11.

The Florida District Court of Appeals addressed a similar situation in *Vance v. Minton,* 444 So.2d 1162 (Fla.App. 3 Dist. 1984). Quoting *New Biloxi Hospital, Inc. v. Frazier,* 245 Miss. 185, 146 So.2d 882, 885 (1962), the Florida court held that:

> Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists—the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and there was a reasonable claim of liability asserted against the resident defendant.

*Id.* at 1164. While not, of course, binding authority, we find this case to be instructive on the issue of the propriety of retaining jurisdiction after loss of venue.[6]

■ In the interest of securing the "just, speedy, and inexpensive determination" of law suits filed in good faith, we are of the opinion that our rule in *Lester v. Rose* must be modified. If the initial venue was proper, we can find no reason to automatically dismiss a claim when extensive time, research, and discovery have been expended by both the parties to the action as well as

---

we noted civil venue questions are governed by the procedural rules of this Court. *Id.* 179 W.Va. at 232, 366 S.E.2d at 740.

3. *See also Hesse v. State Soil Conservation Committee,* 153 W.Va. 111, 168 S.E.2d 293 (1969).

4. Rule 82 of the West Virginia Rules of Civil Procedure states that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of actions therein."

5. Citing *State ex rel. Chemical Tank Lines, Inc. v. Davis,* 141 W.Va. 488, 93 S.E.2d 28 (1956), the *Lester* Court also reiterated that " '[v]enue designates the county or place in which a court having jurisdiction may properly hear and determine the case.' " 147 W.Va. at 588, 130 S.E.2d at 90.

6. *See also Pine v. Superior Court of Seminole County,* 172 Okla. 70, 39 P.2d 530, 532 (1934).

the judge, particularly in light of the increasingly complex and time consuming litigation prevalent today. However, we note that the plaintiff, in choosing to bring the suit in a particular county, makes a strategic choice with full knowledge that the suit may be dismissed or transferred if the plaintiff chooses to settle. Thus, we believe the plaintiff must show some degree of delay or harm before the circuit court can choose to exercise its discretion to retain the case.

■ We conclude that when a good faith settlement is made in a suit in which the defendants were bona fide parties to the action, venue may properly be retained if substantial delay or harm would result, notwithstanding the dismissal of the resident defendant. Two elements must first co-exist, however, before jurisdiction can be retained: Venue must have been proper when the suit was filed, and the plaintiff must have reasonably believed that he had a bona fide cause of action against the venue giving defendant. Consequently, the settlement between the parties must have been made in good faith. However, we insert a note of warning—if the court finds that the joinder of the venue giving defendant was frivolous or fraudulent, done with the intention of depriving the remaining non-resident defendant of his right to be sued in his own county, or to obtain a specific forum, then the action shall be transferred by the circuit court of that county according to our rule in *Lester*.

■ The decision whether to retain jurisdiction over the action is ultimately in the discretion of the circuit court.[7] If it is determined by that circuit court that, in the interest of a just, speedy, and inexpensive determination, the action should be retained despite the fact that the venue giving defendant has been dismissed, the circuit court is permitted to do so. However, if after the venue giving defendant is dismissed, the circuit court determines that the joinder of the venue giving defendant was frivolous or fraudulent, or, if in the court's best judgment, the action has not proceeded to the point that transfer of the case to the county where the current defendants reside would result in a substantial delay or loss, the circuit judge is permitted to transfer the case to the county where the current defendant resides.[8]

For the foregoing reasons, we modify our holding in *Lester v. Rose* and grant the writ of prohibition prohibiting Judge Spillers from dismissing the suit.

Writ granted.

---

7. The determination of what constitutes substantial delay in an individual case is at the discretion of the circuit court since the severity of the delay will vary from suit to suit. We point out, however, that if a case is settled early in the life of the suit, there would be no waste of judicial effort if the case was transferred. Judicial economy is at issue only if time and effort have been expended by the court in reviewing the case and answering motions.

8. The Ohio Rules of Civil Procedure permit venue to be retained after the venue giving defendant has been dismissed. "Neither the dismissal of any claim nor of any party except an indispensable party shall affect the jurisdiction of the court over the remaining parties." Ohio Rule Civ.Pro. 3(E). *See also Zlotnick v. Cortland Savings & Banking Co.,* 4 Ohio App.3d 271, 448 N.E.2d 483, 487 (1982). The Alabama Rules of Civil Procedure provide that when a venue giving defendant is dismissed, the court shall transfer, at its discretion, the action to the proper county. However, in the event that a settlement was the basis of the dismissal, the rule provides that the action shall not be transferred unless the court determines that the primary purpose of the settlement was an attempt to defeat the right to transfer to the other jurisdiction. Alabama Rule of Civil Procedure 82(d)(2)(A). *See also Ex parte Terrell,* Ala., 503 So.2d 847 (1987).