**IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA**

**January 2015 Term**

_____

**No. 14-1168**

_____

**FILED**

**May 13, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA EX REL.**
**ENERGY CORPORATION OF AMERICA and**
**JOHN D. SOLLON,**
**Petitioners**

**v.**

**THE HONORABLE JOHN LEWIS MARKS, Judge of the Circuit Court of**
**Harrison County;**
**ERIN E. GILMORE;**
**ERIKA L. GILMORE; and**
**RON R. GILMORE,**
**Respondents**

_____

**Petition for Writ of Prohibition**

**WRIT GRANTED AS MOULDED**

_____

**Submitted: April 22, 2015**
**Filed: May 13, 2015**

David J. Romano, Esq.
Romano Law Office
Clarksburg, West Virginia
Counsel for the Petitioners

Michael P. Markins, Esq.
Jennifer A. Lynch, Esq.
Mannion & Gray Co., L.P.A.
Charleston, West Virginia
Counsel for the Respondents

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**JUSTICE DAVIS dissents and reserves the right to file a dissenting opinion.**

**SYLLABUS BY THE COURT**

Under West Virginia Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all of the defendants will arise in the action. Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied.

**Justice Ketchum:**

Petitioners, Energy Corporation of America and John D. Sollon (collectively, "ECA") seek a writ of prohibition to halt enforcement of a September 30, 2014, order of the Circuit Court of Harrison County.

The circuit court's order pertained to a lawsuit against ECA stemming from a car wreck that occurred in Pennsylvania. The plaintiffs'[1] lawsuit has two separate causes of action, each with a different defending party: (1) a negligence claim against ECA for causing the wreck; and (2) a bad faith claim against the plaintiffs' insurer for refusing to pay medical payments coverage for wreck-related injuries. The plaintiffs assert that they may join their claims against their insurer and ECA under the permissive joinder rule in West Virginia Rule of Civil Procedure 20(a).[2]

ECA argues that joinder of the plaintiffs' insurer and ECA was improper under Rule 20(a). ECA further contends that because joinder was improper, the mere fact that Harrison County was a proper venue for the plaintiffs' insurer did not make Harrison County a proper venue for ECA.

---

[1] The plaintiffs consist of three people: the owner of the car involved in the wreck and two people who were inside that car when the wreck occurred.

[2] West Virginia Rule of Civil Procedure 20(a) allows for parties to be joined as co-defendants when "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *W.VA. R. CIV. P.* 20 [1998].

1

After careful consideration, we grant the requested writ of prohibition as moulded. As we discuss below, the circuit court improperly permitted the plaintiffs to join ECA with the plaintiffs' insurer, and it should have severed the two claims. Once severed, the circuit court should have dismissed the claims against ECA for lack of venue.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, the plaintiffs' car and one of ECA's work-trucks (driven by an ECA employee, John D. Sallon) were involved in a wreck. The wreck occurred in Pennsylvania. However, all three plaintiffs live in Harrison County, West Virginia.

In 2013, the plaintiffs filed a tort claim in Harrison County against ECA for negligently causing the wreck. ECA timely filed a motion to dismiss on the ground that Harrison County was not a proper venue. The circuit court noted that the wreck occurred in Pennsylvania and that ECA is a West Virginia corporation with its local office and chief officers residing in Kanawha County. It therefore dismissed the plaintiffs' claim against ECA for improper venue.[3]

In the meantime, according to the plaintiffs, they notified their motor vehicle insurer, State Auto, of the wreck and resulting injuries. Assuming the plaintiffs' medical bills were covered under their medical payments coverage, the plaintiffs' insurer

---

[3] We note that in addition to its local, Kanawha County office, and the fact that ECA's president resides in Kanawha County, ECA also maintains a headquarters in Denver, Colorado.

2

would be obligated to provide coverage regardless of who was at fault in causing the wreck. Nevertheless, the plaintiffs contend that their insurer failed to either accept or reject their request to pay the medical bills.

In 2014, the plaintiffs filed a bad faith claim in Harrison County against their insurer. They alleged that their insurer violated the Unfair Trade Practices Act by failing to provide no fault medical payments coverage for wreck-related injuries as required by their insurance policy.[4] The plaintiffs joined ECA as a co-defendant to their suit, seeking tort damages for the wreck.

ECA timely filed a motion to sever for improper joinder and dismiss for improper venue. In an order dated September 30, 2014, the circuit court denied ECA's motion to sever and held that ECA could be tried in Harrison County. It found that the negligence claim against ECA and the contractual medical payments claim against the plaintiffs' insurer arose from the same wreck, and therefore, they were part of the same "transaction or occurrence." The circuit court also found that, once joined, the plaintiffs' insurer was a "venue-giving defendant" as to ECA. Accordingly, because venue was proper in Harrison County for the plaintiffs' insurer, it was also proper for ECA (even though it would not have been a proper venue had the plaintiffs' insurer not been joined with ECA as a co-defendant). ECA then petitioned this Court for a writ of prohibition.

---

[4] The Unfair Trade Practices Act, as codified in *WEST VIRGINIA CODE* § 33-11-4(9) [2002], requires that insurers, among other things, affirm or deny coverage of claims within a reasonable time.

3

## II.
## STANDARD OF REVIEW

When considering a petition for a writ of prohibition, we have held:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, *it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight*.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W.V. 12, 483 S.E.2d 12 (1996) (emphasis added).

## III.
## ANALYSIS

The West Virginia Rules of Civil Procedure allow for defendants to be joined in a single action if the claims asserted against them are sufficiently related. *See W.VA. R. CIV. P.* 20. Furthermore, West Virginia follows the venue-giving defendant principle: once venue is proper for one defendant in an action, venue is also proper for all

4

other defendants in that same action, but only if the venue-giving defendant was properly joined. *See State ex rel. Kenamond v. Warmuth*, 179 W.Va. 230, 231, 366 S.E.2d 738, 739 (1988).

ECA's petition raises two arguments: (1) joinder of ECA and the plaintiffs' insurer was improper under West Virginia Rule of Civil Procedure 20; and (2) because joinder was improper, the venue-giving defendant principle did not apply to make Harrison County a proper venue for ECA. We examine the parties' arguments on these issues in turn.

### A. *Joinder of the defendants under West Virginia Rule of Civil Procedure 20(a)*

The plaintiffs joined their insurer and ECA as co-defendants under West Virginia Rule of Civil Procedure 20(a). This rule provides for discretionary joinder of multiple defendants in a single complaint. Rule 20(a) states, in pertinent part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative,[5] any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

*W.VA. R. CIV. P.* 20(a) [1998] (footnote added).

---

[5] By "jointly, severally, or in the alternative," the drafters of the rules of civil procedure alluded to a common law rule which allowed multiple plaintiffs to "sue together to assert joint, but not several rights . . . Thus, Rule 20(a) avoids the restrictions imposed by historic practice, as well as the confusion engendered by the use of terms such as 'joint' and 'several.'" JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 20.03 at 20-26 (3d ed. 2015).

5

We recently interpreted similar language in Rule 20(a) as it pertains to the joinder of multiple plaintiffs, holding that:

> Rule 20(a) of the West Virginia Rules of Civil Procedure provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief … [1] arising out of the same transaction [or] occurrence ... and [2] if any question of law or fact common to all these persons will arise in the action." *Under Rule 20(a), joinder is proper only if both of these requirements are satisfied.*

Syl. Pt. 2, *State ex rel. J.C. v. Mazzone*, 233 W.Va.457, 759 S.E.2d 200 (2014) (emphasis added).

Thus, Rule 20(a) sets out a two-pronged test for permissive joinder of plaintiffs or defendants: (1) the joined claims must be transactionally related; and (2) a question of law or fact common to all parties must arise in the action. *See* FRANKLIN D. CLECKLEY, ROBIN JEAN DAVIS, AND LOUIS J. PALMER, JR., LITIGATION HANDBOOK ON WEST VIRGINIA RULES OF CIVIL PROCEDURE § 20(a), at 572 (4th ed. 2012). Accordingly, we hold that under West Virginia Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all of the defendants will arise in the action. Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied. *See* CLECKLEY, DAVIS, AND PALMER, LITIGATION HANDBOOK § 20(a), at 572.

Therefore, determining whether joinder of defendants is proper under Rule 20(a) entails a two-step process. The first step is to assess whether the claims to be

joined arise out of the same transaction or series of transactions. If the answer to the first question is yes, then the second step is to consider whether any common question of law or fact will arise in the joined claims. A court reviewing joinder of parties should make these determinations in light of Rule 20(a)'s purpose, which is to promote judicial efficiency, prevent duplication of effort, and alleviate the uncertainty that comes with piecemeal litigation. *Morris v. Crown Equip. Co.*, 219 W.Va. 347, 357 n.8, 633 S.E.2d 292, 302 n.8 (2006). Further, Rule 20(a) is based on "common sense, fact-based considerations." MOORE'S FEDERAL PRACTICE, § 20.02 at 20-5. If common sense dictates that the claims to be joined are sufficiently related to further these goals, Rule 20(a) should be liberally construed. *See Anderson v. McDonald*, 170 W.Va. 56, 60, 289 S.E.2d 729, 734 (1982).

As to the first prong (transactional relatedness), there are no hard and fast rules for determining whether it has been met. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (interpreting Federal Rule of Civil Procedure 20).[6] However, it is well established that this prong does not require that the events giving rise to the claims be absolutely identical. *Mazzone*, 223 W.Va. at 464, 759 S.E.2d at 207. Rather, claims are transactionally related if there is a logical relation between them. *Mosley*, 497

---

[6] "Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules." *See Hardwood Group v. Larocco*, 219 W.Va. 56, 61 n.6, 631 S.E.2d 614, 619 n.6 (2006). However, we caution that "[a] federal case interpreting a federal counterpart to a West Virginia rule of procedure may be persuasive, but it is not binding or controlling." Syl. Pt. 3, *Brooks v. Isinghood*, 213 W.Va. 675, 584 S.E.2d 531 (2003).

F.2d at 1333 ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."). In other words, transactional relatedness will be found when the claims "involve enough related operative facts to make joinder in a single case fair." MOORE'S FEDERAL PRACTICE, § 20.05 at 20-30. Joinder of multiple claims into a single action may be fair if there is a "substantial evidentiary overlap" between them. *Klamath Irrigation Dist. v. U.S.*, 113 Fed. Cl. 688, 707 (2013). For example, a single transaction may be found when otherwise unrelated parties are affected by the same state-wide discriminatory policy. *See Mosley*, 497 F.2d at 1333.

The second prong (commonality) is an easy requirement to satisfy and is relatively straightforward. *Mazzone*, 223 W.Va. at 464, 759 S.E.2d at 207. It only requires that a *single* factual *or* legal question will arise in the litigation against the joined parties. *Id*. at 465, 759 S.E.2d at 208. The commonality requirement is satisfied even if the common question is not the most dominant issue in the case. *Id.* This requirement ensures that the claims can be tried together conveniently. MOORE'S FEDERAL PRACTICE, § 20.04 at 20-30.

The circuit court considered Rule 20(a)'s first requirement and found that the claims against the plaintiffs' insurer and ECA arose out of the same "transaction or occurrence." We do not need to pass judgment on the circuit court's determination because it erred in ending its inquiry there. Even assuming the circuit court was correct, it should have also considered Rule 20(a)'s second requirement, commonality. Mere satisfaction of Rule 20(a)'s first requirement does not automatically satisfy the second

8

requirement. *See Horton Co. v. Int'l Tel. & Tel. Corp.*, 85 F.R.D. 369, 371 (W.D. Pa. 1980) (recognizing that two claims might have arisen out of same transaction or occurrence, but there was no commonality between them).

The plaintiffs' claims against their insurer and ECA clearly do not raise a common factual or legal question. Assuming the plaintiffs' claim against their insurer to be true, their insurer would be contractually required to pay the medical bills regardless of who was at fault in causing the wreck. Therefore, ECA's negligence in causing the wreck has no bearing on whether the plaintiffs' insurer is obligated to pay the claim for medical payments coverage. Likewise, the plaintiffs' bad faith claim against their insurer does not affect ECA's potential liability for its employee's negligence in causing the wreck. Furthermore, we note that joining these two unrelated claims would not further Rule 20(a)'s objective of promoting judicial efficiency while preventing duplication of effort. Because these claims do not present a single factual or legal question in common, the claim against ECA can be resolved with just as much efficiency without being joined to the plaintiffs' claim against their insurer.

Therefore, joinder of the plaintiffs' insurer and ECA was improper because it failed to satisfy both requirements under Rule 20(a). Because the plaintiffs' insurer and ECA were misjoined, the claims against them should have been severed under West Virginia Rule of Civil Procedure 21 [1960]. *See* CLECKLEY, DAVIS, AND PALMER, LITIGATION HANDBOOK § 21, at 574 ("If a trial court finds that a plaintiff has misjoined parties, the court should sever those parties or claims[.]"). The circuit court clearly erred, as a matter of law, in failing to do so.

9

### B. The Venue-Giving Defendant Principle and improper joinder

ECA argues that the circuit court erred in finding venue was proper in Harrison County. The wreck did not occur in West Virginia. Therefore, it contends that venue for ECA was only proper in a West Virginia county where its "principal office is or wherein its mayor, president or other chief officer resides[.]" *W.VA. CODE* § 56-1-1 [2007]. ECA is a corporate defendant with its local office and some of its chief officers, including its president, located in Kanawha County. Accordingly, ECA asserts that Harrison County was not a proper venue for ECA.[7]

The circuit court's finding that Harrison County was a proper venue for ECA was based on the "venue-giving defendant" principle, whereby "once venue is proper for one defendant, it is proper for all other defendants subject to process." *Kenamond*, 179 W.Va. at 231, 366 S.E.2d at 739. The circuit court found that Harrison County was a proper venue for the insurer and that the insurer was a venue-giving defendant as to ECA.

ECA does not deny that West Virginia follows the venue-giving defendant principle. Rather, ECA contends that this principle does not apply to cases where joinder with the venue-giving defendant was improper. ECA contends that without the plaintiffs' insurer (who, as we just discussed, was improperly joined with ECA), there is no venue-giving defendant.

---

[7] We note that the driver of the ECA work-truck involved in the wreck, John D. Sollon, resides in Monongalia County, West Virginia. Therefore, Monongalia County may also be a proper venue for the plaintiffs' claim against ECA arising out of Mr. Sallon's negligence in causing the wreck.

When a venue-giving defendant is severed or dismissed from an action in its initial phase, and venue for the remaining defendant is improper under *WEST VIRGINIA CODE* § 56-1-1, the circuit court is required to grant the remaining defendant's timely filed motion to dismiss for improper venue. *See* Syl. Pt. 11, *Lester v. Rose*, 147 W.Va. 575, 130 S.E.2d 80 (1963) (*modified by State ex rel. Sutton v. Spillers*, 181 W.Va. 376, 382 S.E.2d 570 (1989)). *See also In re Reynolds*, 369 S.W.3d 638, 656-57 (Tex. App. 2012) (holding that trial court erred in denying remaining defendant's motion to dismiss for improper venue after venue-giving defendant was dismissed); *Corry v. CFM Majestic Inc.*, 16 F.Supp. 2d 660, 665-57 (E.D. Va. 1998) (noting severance prevents a plaintiff from manipulating joinder rules to burden "defendant who otherwise would have been entitled to a [transfer of venue].").

However, there is an exception to this rule which allows a circuit court to deny a remaining defendant's motion to dismiss for improper venue after the venue-giving defendant is no longer a party to the action. This exception applies when: (1) application of the venue-giving defendant principle was initially proper; (2) the plaintiff had a reasonable belief that he/she had a bona fide cause of action against the venue-giving defendant; and (3) dismissal of the remaining defendant would result in substantial delay. *See* Syl. Pt. 1, *Sutton*, 181 W.Va. at 379, 382 S.E.2d at 573.

Application of the venue-giving defendant principle was not initially proper in this case because ECA's joinder with the venue-giving defendant (the plaintiffs' insurer) was not allowed under West Virginia Rule of Civil Procedure 20(a). We have held that "[t]he principle of the venue-giving defendant . . . is closely intertwined with

11

our procedural rules on joinder." *Morris*, 219 W.Va. at 357, 633 S.E.2d at 302. In *Morris*, we further explained the connection between the venue-giving defendant principle and our joinder rules, stating: "a requirement that the plaintiff independently 'establish venue' with respect to the out-of-state tortfeasor would effectively prevent joinder of the out-of-state tortfeasor. This would be an absurd result, contrary to all established procedure." *Id.* at 357, 633 S.E.2d at 302. Similarly, application of the venue-giving defendant principle through an improperly joined party (the plaintiffs' insurer) was contrary to our established procedure on joinder and thus, produced an absurd result.

Furthermore, dismissing the claim against ECA for improper venue would not result in substantial delay. In determining this issue, we have stated:

> The determination of what constitutes substantial delay in an individual case is at the discretion of the circuit court since the severity of the delay will vary from suit to suit. We point out, however, that *if a case is settled early in the life of the suit, there would be no waste of judicial effort if the case was transferred.* Judicial economy is at issue only if time and effort have been expended by the court in reviewing the case and answering motions.

*Sutton*, 181 W.Va. at 379 n.7, 382 S.E.2d at 573 n.7 (emphasis added). ECA timely filed its motion to dismiss for improper venue early in the life of this suit, before the parties (or judge) expended any time, research, or discovery on the action. *See id.*, at 378-79, 382 S.E.2d at 572-73.

Neither party argues that the plaintiffs lacked a reasonable belief that they had a bona fide cause of action against their insurer. We do not need to address this

12

subject because application of the venue-giving defendant principle was not initially proper and because substantial delay would not result in dismissing the claim against ECA for improper venue. We therefore refrain from speculating on the plaintiffs' good faith.

Once the plaintiffs' insurer is properly severed from the claim against ECA, there will be no venue-giving defendant in this action. Without a venue-giving defendant, Harrison County was not a proper venue for ECA. Our holding in Syllabus Point Eleven of *Lester*, 147 W.Va. 575, 130 S.E.2d 80, required the circuit court to grant ECA's motion. The circuit court's failure to do so was clear error, not correctable on appeal, and left ECA with no adequate means to obtain its desired relief other than to request a writ of prohibition.

## IV.
## CONCLUSION

Therefore, we find that the circuit court erred in denying ECA's motion to sever and dismiss. Accordingly, we halt enforcement of the September 30, 2014, order denying ECA's motion to sever for improper joinder and dismiss for improper venue. In addition, we direct the circuit court to sever and dismiss the plaintiffs' claims against ECA. Likewise, we grant ECA's requested writ of prohibition as moulded.

Writ Granted as Moulded.