**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Robert Edward Reed, individually
and as the Executor of Racheal Ann Reed, deceased,
Plaintiff Below, Petitioner

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 18-0009 (Kanawha County 17-C-332)

Janice Ann Reed Collins,
James E. Collins II,
Calhoun County Bank, Inc., a
West Virginia Corporation,
United Bankshares, Inc., a
West Virginia Corporation,
United Bank, Inc., a
West Virginia Corporation,
Pioneer Funds Distributor, Inc.,
an unauthorized foreign corporation,
Defendants Below, Respondents

**MEMORANDUM DECISION**

Petitioner Robert Edward Reed, individually and as the Executor of Racheal Ann Reed, deceased, by counsel Gregory H. Schillace, appeals the Circuit Court of Kanawha County's November 30, 2017, order granting respondents' motions to dismiss for lack of venue. Respondents Calhoun County Bank, Inc. ("Calhoun"), by counsel Leslie L. Maze; Pioneer Funds Distributor, Inc. ("Pioneer"), by counsel J. Mark Adkins and Andrew C. Robey; and United Bankshares, Inc. ("United Bankshares") and United Bank, Inc. ("United Bank" or, collectively, the "United respondents"), by counsel Floyd E. Boone Jr. and Patrick C. Timony, filed responses. Petitioner argues that the circuit court erred in granting respondents' motions to dismiss because respondent United Bankshares has its principal place of business in Kanawha County, thereby conferring venue in that county.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 9, 2017, petitioner filed a complaint in Kanawha County, West Virginia, against respondents, and also Prudential Insurance Company of America, and Prudential Asset Resources, Inc. (collectively, the "Prudential defendants") seeking declaratory and other relief

1

relative to certain financial accounts owned by the decedent Racheal Anne Reed. Of relevance to the instant appeal, petitioner asserted in the complaint that the decedent's "mental frailty . . . was known to agents and representatives of [respondents] United Bankshares, . . . United Bank, [and] Calhoun . . . working in their Gilmer County branches[.]" Respondents Janice Anne Reed Collins and James E. Collins II, who were residents of Gilmer County, West Virginia, allegedly took advantage of the decedent's diminished capacity to access certain of the decedents' safe deposit boxes maintained at branches of respondents Calhoun, United Bankshares, and United Bank "located in Gilmer County, West Virginia." Petitioner also alleged that respondent Ms. Collins stole funds from the decedent's checking account maintained at respondent Calhoun. Finally, petitioner asserted that the decedent owned an individual retirement account through respondent Pioneer, and that respondent Ms. Collins, through her undue influence over the decedent, was improperly designated as a beneficiary of this account.[1]

On May 1, 2017, the United respondents moved to dismiss petitioner's complaint for lack of venue and failure to state a claim. *See* W.Va. R. Civ. P. 12(b)(3) and (6). Respondent United Bankshares argued that it is a holding company that exists separately from its subsidiary, respondent United Bank, and that it does not operate branches, accept cash deposits from the public, or lease safe deposit boxes to the public. Respondent United Bankshares also noted that petitioner's complaint contained no allegations of specific action that it took that would support a claim against it. Finally, the United respondents asserted that the events at issue all occurred in Gilmer County, and not Kanawha County, where the complaint was filed.[2]

On June 26, 2017, Calhoun moved to join the United respondents in their motion to dismiss. On July 24, 2017, Pioneer separately moved to dismiss petitioner's complaint for lack of venue, and it also joined in the United respondents' arguments relative to venue.

On August 7, 2017, before petitioner responded to respondents' motions to dismiss, he filed a notice indicating that he had voluntarily dismissed the Prudential defendants with prejudice. Shortly thereafter, on October 13, 2017, petitioner filed a response to respondents' motions to dismiss asserting that the Prudential defendants were "venue[-]giving defendants," that Pioneer operates in Kanawha County, and that the United respondents have "interlocking officers and directors and are engaged in the operation of United Bank throughout West Virginia."

On November 30, 2017, the circuit court granted respondents' motions to dismiss for lack of venue. The court found that United Bankshares is a distinct entity from United Bank; thus, the court dismissed it without prejudice given petitioner's failure to allege any facts that would impose liability upon it. Given that dismissal, the court did not consider United Bankshares in determining venue. Due to petitioner's voluntary dismissal of the Prudential defendants, they, too, were not considered in determining venue. Finally, because petitioner failed to allege any

---

[1]Ms. Collins was convicted of financially exploiting the decedent as a result of the actions alleged in the complaint. This conviction was obtained in Gilmer County, West Virginia.

[2]United Bank argued that the statute of limitations also barred petitioner's claims, but this argument is not relevant to the instant appeal.

systematic contacts by Pioneer with Kanawha County, the court found that petitioner had not established that Pioneer did business in that county. Consequently, the court determined that venue was not proper in Kanawha County because none of the remaining respondents resided there and the claims asserted in the complaint arose from events that occurred in Gilmer County. It is from this order that petitioner appeals.

On appeal, petitioner asserts that venue is proper in Kanawha County because United Bankshares acknowledged that its principal place of business is in Kanawha County. Petitioner argues that, because the allegations in his complaint concerning the interrelationship of the United respondents must be taken as true, the court erred in disregarding United Bankshares in its venue analysis. Although petitioner's primary assignment of error concerns United Bankshares, he also argues that the Prudential defendants, as parties to the action at the time it was filed, should have been considered for purposes of determining venue despite their dismissal, and that Pioneer is engaged in business in Kanawha County, thereby providing another justification for maintaining his suit there.

We review the circuit court's order granting respondents' motion to dismiss for improper venue under an abuse of discretion standard. Syl. Pt. 1, *United Bank, Inc. v. Blosser*, 218 W.Va. 378, 624 S.E.2d 815 (2005). Civil actions may be brought "in the circuit court of any county . . . [w]herein any of the defendants may reside or the cause of action arose[.]" W.Va. Code § 56-1-1(a)(1). With respect to a corporate defendant, actions may brought

> wherein its principal office is or wherein its mayor, president or other chief officer resides; or if its principal office be not in this state, and its mayor, president or other chief officer do not reside therein, wherein it does business; or if it is a corporation or other corporate entity organized under the laws of this state which has its principal office located outside of this state and which has no office or place of business within the state, the circuit court of the county in which the plaintiff resides or the circuit court of the county in which the seat of state government is located has jurisdiction of all actions at law or suits in equity against the corporation or other corporate entity, where the cause of action arose in this state or grew out of the rights of stockholders with respect to corporate management[.]

*Id.* at § 56-1-1(a)(2). Finally, "West Virginia follows the venue-giving defendant principle: once venue is proper for one defendant in an action, venue is also proper for all other defendants in that same action, but only if the venue-giving defendant was properly joined." *State ex rel. Energy Corp. of Am. v. Marks*, 235 W.Va. 465, 468, 774 S.E.2d 546, 549 (2015).

With respect to the United respondents, petitioner's complaint alleged that they "are West Virginia Corporations with interlocking offices [sic] and directors, engaged in the operation of United Bank throughout West Virginia" and that United Bankshares maintained its principal office in Kanawha County. Petitioner's complaint then treats both United respondents as though they are the same entity. However, petitioner's complaint is devoid of any claim for piercing the corporate veil, thereby disregarding the well-established rule that "[t]he law presumes that two separately incorporated businesses are separate entities and that corporations are separate from

3

their shareholders." Syl. Pt. 3, *S. Elec. Supply Co. v. Raleigh Cty. Nat'l Bank*, 173 W.Va. 780, 320 S.E.2d 515 (1984). Moreover, "[t]he mere showing that one corporation is owned by another or that they share common officers is not a sufficient justification for a court to disregard their separate corporate structure." *S. States Coop., Inc. v. Dailey*, 167 W.Va. 920, 930, 280 S.E.2d 821, 827 (1981) (citations omitted). Because petitioner's complaint failed to set forth allegations to rebut the presumption that the United respondents are separate corporate entities, and because the venue-giving defendant principle is applicable "only if the venue-giving defendant was properly joined[,]" we find no error in the circuit court's dismissal of United Bankshares or its exclusion of that entity in its venue analysis. *Marks*, 235 W.Va. at 468, 774 S.E.2d at 549 (citation omitted).

Petitioner's argument concerning the Prudential defendants is similarly unavailing. Petitioner asserts that the Prudential defendants should have been considered in determining whether venue was proper in Kanawha County, but that position ignores our pronouncement in *State ex rel. Sutton v. Spillers*, 181 W.Va. 376, 382 S.E.2d 570 (1989). In that case, we held that a court is vested with the discretion to retain jurisdiction over a case when a venue-giving defendant has been dismissed. *Id.* at 377, 382 S.E.2d at 571, Syl. Pt. 1 ("[N]otwithstanding the dismissal of the venue giving defendant in an action involving multiple defendants from different counties, the circuit court has the discretion to retain jurisdiction of the action when the venue was initially proper and the plaintiff had a reasonable belief that he had a bona fide cause of action against the venue giving defendant, if the dismissal would result in substantial delay."). In reaching this holding, we

> note[d] that the plaintiff, in choosing to bring the suit in a particular county, makes a strategic choice with full knowledge that the suit may be dismissed or transferred if the plaintiff chooses to settle. Thus, we believe the plaintiff must show some degree of delay or harm before the circuit court can choose to exercise its discretion to retain the case.

*Id.* at 379, 382 S.E.2d at 573. Petitioner's resolution of his claims against the Prudential defendants occurred in the infancy of this matter, and he does not argue that any harm results from the early dismissal of these claims. Accordingly, we find no error in the circuit court's exclusion of the Prudential defendants from its venue analysis. *See also Marks*, 235 W.Va. at 471, 774 S.E.2d at 552 ("When a venue-giving defendant is severed or dismissed from an action in its initial phase, and venue for the remaining defendant is improper under West Virginia Code § 56-1-1, the circuit court is required to grant the remaining defendant's timely filed motion to dismiss for improper venue.") (citations omitted).

Finally, petitioner's allegation that Pioneer is a venue-giving defendant because it "does business in Kanawha County" is similarly insufficient to confer venue in that county.

> Whether a corporation is subject to venue in a given county in this State under the phrase in W.Va. Code [§] 56-1-1[], "wherein it does business" depends upon the sufficiency of the corporation's minimum contacts in such county that demonstrate it is doing business, as that concept is used in [determining personal jurisdiction].

4

Syl., in part, *State ex rel. Huffman v. Stephens*, 206 W.Va. 501, 526 S.E.2d 23 (1999). Petitioner's complaint lacks any allegations of contacts with Kanawha County. Rather, the complaint alleges that Ms. Collins resides in Gilmer County, that the decedent resided in Gilmer County, and that Pioneer, through whom the decedent owned a retirement account, improperly disbursed funds to Ms. Collins after Ms. Collins allegedly improperly and unduly influenced the decedent to designate Ms. Collins as beneficiary of the account. There are simply no allegations of Pioneer's contacts with Kanawha County or any conduct relative to Pioneer occurring in Kanawha County. We, therefore, find no error in the circuit court's finding that there is no venue-giving defendant in Kanawha County, and petitioner's complaint was properly dismissed for lack of venue.

For the foregoing reasons, we affirm the circuit court's order granting respondents' motions to dismiss for lack of venue.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment